### LEWIS B. WOOD REALTY CO., Inc., v. GREER.

No. 12996—Opinion Filed Sept. 16, 1924.

**Principal and Agent—Agency Question for Jury—Demurrer to Evidence.**

In law actions for this jurisdiction, the question of agency is for the jury, where, from the evidence introduced, reasonable men may reach different conclusions as to whether agency has been established; but where the evidence fails to show agency, and no circumstances are shown from which agency could reasonably be inferred, there is no question for a jury to determine, and a demurrer, challenging the proof of the plaintiff on the question of agency, under such circumstances, is properly sustained by the court.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Lewis B. Wood Realty Co. Inc., a corporation, against E. R. Greer. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Franklin H. Griggs, for plaintiff in error.

Kleinschmidt & Johnson, for defendant in error.

Opinion by JARMAN, C. The Lewis B. Wood Realty Company, a corporation, commenced this action against E. R. Greer in the district court of Tulsa county to recover the sum of $262.50 as broker's commission. The cause was tried to court and jury. At the conclusion of the testimony of plaintiff, demurrer to the evidence was sustained by the court and judgment rendered for defendant, and the plaintiff brings error.

The defendant, E. R. Greer, was the owner of certain real estate in the city of Tulsa, and about the first of May, 1917, he went to Minneapolis and left the property in charge of his wife, Mrs. E. R. Greer. About May 12, 1917, the plaintiff, through one of his representatives, approached Mrs. Greer with reference to permitting the plaintiff to sell the property, and Mrs. Greer advised that the property was for sale, but the sale and terms thereof would have to be approved by her husband, E. R. Greer. The plaintiff was not acquainted with the defendant, E. R. Greer, and had no dealings with him pertaining to said property. After having the conversation with Mrs. Greer, the representative of the plaintiff, on May 12, 1917, brought to her a receipt, signed by the plaintiff, reciting that the property had been sold to a Mr. Hough and setting forth the terms upon which the sale was made, and at the request of the plaintiff, this receipt was indorsed, "Approved: E. R. Greer, owner, per Mrs. E. R. Greer." Mrs. Greer notified E. R. Greer, the defendant, of this transaction, and he immediately wired her that the sale was not satisfactory, and did not meet with his approval. Afterwards, the defendant and his wife sold the property to another person. The plaintiff brought this action against the defendant to recover the commission, which it alleges is due by reason of the services rendered in procuring Mr. Hough to purchase said property.

The plaintiff seeks to recover on the theory that Mrs. Greer acted as the agent of the defendant in listing the property with the plaintiff, and this allegation of agency was denied by the defendant and was made the sole issue in the case.

The first contention of the plaintiff is that the question of agency is one for the jury to determine, and that the court erred in taking this question from the jury, by sustaining the demurrer to the evidence. It is true that the question of agency is one of fact to be determined by the jury where from the evidence introduced reasonable men may reach different conclusions as to whether agency has been established, but where there is no evidence tending to establish agency, and no circumstances shown from which agency could be inferred, as in this case, then there is nothing for a jury to determine. The plaintiff wholly failed in its proof on the question of agency, and the court properly sustained the demurrer of the defendant.

The next contention of the plaintiff is that the court erred in excluding as evidence the receipt executed by it to Hough, the pros-

pective purchaser of the property, and which was approved by Mrs. Greer, purporting to act for and on behalf of defendant. The plaintiff further contends that the court erred in excluding from the evidence the cross-examination of defendant and his wife. The depositions of defendant and his wife were taken by the defendant, and to make out its case the plaintiff introduced and read said depositions in evidence. The defendant objected to the reading in evidence of the cross-examination of the defendant and his wife, on the ground that the plaintiff had made defendant and his wife its witnesses, and the plaintiff would not be permitted to impeach its own witnesses. This objection was sustained by the court. The excluding of the receipt and of the cross-examination of the defendant and his wife was not prejudicial error, for the reason that the plaintiff wholly failed in the first instance to show that Mrs. Greer acted as the agent of the defendant, and besides, the cross-examination of these witnesses showed positively that Mrs. Greer was not acting as agent of the defendant.

No prejudicial error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.