**SIPES et al. v. PERDOMO et al.**

No. 15765—Opinion Filed Sept. 15, 1925.

Rehearing Denied June 8, 1926.

**1. Principal and Agent—Trial—Question of Agency—Withdrawal from Jury for Lack of Evidence.**

Agency is a question of fact to be determined by the jury; but where agency is the only question in issue and there is no evidence reasonably tending to prove agency, it is not error for the trial court to withdraw the case from the consideration of the jury.

**2. Deeds—Alteration by Change of Grantee —Effect.**

The alteration of a deed, after execution and delivery. without the knowledge or consent of the grantor, by erasing the name of the grantee and inserting the name of another as grantee, renders the deed void; and the party whose name has been substituted as grantee cannot recover from the grantor for breach of the covenant of warranty contained in the deed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by C. W. Perdomo against C. L. Hedlund, Penn Mutual Life Insurance Company, Lula A. Jordan, and Homer E. Smith. Gum Brothers Company was made party defendant. On motion of Gum Brothers Company, A. H. Sipes, Josephine I. Sipes, and Edith Riggan were made parties defendant. Joseph T. Brown and Theo. L. Brown. husband and wife, intervened. From judgment in favor of plaintiff and interveners, defendants A. H. Sipes. Josephine I. Sipes, and Edith Riggan bring error. Affirmed.

Pearson & Baird, Earnest Chambers. and M. R. Belisle, for plaintiffs in error.

Everest. Vaught & Brewer and Walter & Hilpirt, for defendants in error.

Opinion by RAY, C. This appeal by the defendants below is from a judgment foreclosing a mortgage upon certain lots in Oklahoma City, and denying them judgment against a prior owner of the property on a covenant of warranty against prior liens.

These are the facts: In 1917 C. W. Perdomo, an American citizen, resident of South America, placed $2,500 with Aurelius-Swanson Company, Incorporated, for investment in a real estate mortgage. The Aurelius-Swanson Company, not at that time having a $2,500 mortgage, placed the property here involved in the name of C. L. Hedlund, one of its employes, and took Hedlund's note for $2,500 and a mortgage on the property to secure it. The Aurelius-Swanson Company executed an assignment of the mortgage to Perdomo and caused it to be recorded, indorsed the note, and sent the note, mortgage, and assignment to Perdomo. C. L. Hedlund and wife, after executing the note and mortgage, conveyed the property to E. L. Aurelius, the general manager of the Aurelius-Swanson Company.

Aurelius, or Aurelius-Swanson Company, sold the property to Joseph T. Brown. Brown, being informed that there was a $2,500 mortgage on the property, paid the amount of the mortgage to the Aurelius-Swanson Company, and, on the same day that the deed from Aurelius-Swanson Company to Brown was filed for record, November 26, 1917, a release of the mortgage purporting to have been executed and acknowledged by C. W. Perdomo, before a notary public in Oklahoma county, was also filed for record and duly recorded. The evidence is conclusive that this release was a forgery.

In May, 1919, Brown, joined by his wife, sold and conveyed the property to the Aurelius-Swanson Company for cash. The deed from Brown and wife to Aurelius-Swanson Company was never filed for recording. Aurelius-Swanson Company sold the property to A. H. Sipes and the name of the Aurelius-Swanson Company, grantee in the deed from Brown and wife, was stricken out and the name of A. H. Sipes inserted as grantee, and the deed so altered was filed and recorded in the office of the county clerk of Oklahoma county July 8, 1919. November 13, 1919, Sipes, joined by his wife, conveyed the property to Edith Riggan, and on April 28, 1920. Edith Riggan conveyed to Edith M. Perryman, and on December 6, 1920, Edith M. Perryman conveyed to Lula A. Jordan. All the deeds referred to were of the usual form of warranty deed.

Perdomo knew nothing of the release of his mortgage or the subsequent transfers of the property until the note and mortgage had matured. Upon the maturity of each interest coupon note, Aurelius-Swanson Company sent Perdomo New York exchange in the proper amount, on the receipt of which Perdomo sent that company the corresponding interest coupon note.

The issues raised by appropriate pleadings between Perdomo, in his suit to foreclose, and Sipes and wife and subsequent grantees, was that of agency of Aurelius-Swanson Company, and payment. As between Sipes and wife, and subsequent grantees, defendants, on the one hand, and Brown and wife, interveners, on the other hand, issue was joined as to the liability of Brown and wife on their covenant of warranty.

The first ground urged for reversal is that the trial court erred in discharging the jury and entering judgment of foreclosure in favor of Perdomo. The contention is that the question of agency is a question of fact to be decided by the jury. Agency is a question of fact to be decided by the jury where there is any evidence reasonably tending to prove agency, but there was no evidence even tending to prove the agency, or apparent agency, of the Aurelius-Swanson Company to collect either interest or principal. Perdomo did not send the coupon notes, or either one of them, to Aurelius-Swanson Company for collection. When an interest payment became due Aurelius-Swanson Company promptly sent New York exchange to. Perdomo in payment. When he had received the money, he then sent the proper coupon note to Aurelius-Swanson Company. On one occasion Aurelius-Swanson Company sent Oklahoma City exchange and Perdomo promptly returned it with instructions to send New York exchange instead, which was done. When he had received the New York exchange he forwarded the coupon note. When the note and mortgage became due Perdomo sent them to the First National Bank of Eufaula for collection.

The evidence shows that Perdomo had bought two other mortgages from Aurelius-Swanson Company in 1916. The interest payments were made in the same way as in the instant case. The principal of one note was collected through the National City Bank of New York and the proceeds paid to Perdomo by its branch back at Buenos Aires. The principal of the other note appears not to have been collected. The whole correspondence between the parties shows that Perdomo insisted that the money be placed to his credit with the National City Bank of New York, when that bank would turn over all papers when payment was made. While the correspondence shows that Aurelius-Swanson Company did offer to act as collector of both principal and interest, Perdomo did not avail himself of the offer.

The court did not err in withdrawing the case from the jury and entering judgment for Perdomo foreclosing his mortgage. On the issues joined between Sipes, Riggan, and Jordan, on the one hand, referred to as defendants, and Brown and wife, on the other hand, referred to as interveners, a jury was waived.

Some contention is made that the court erred in finding that the deed from Brown and wife was altered after its execution and delivered by the Browns to the Aurelius-Swanson Company. We think no other finding could have been made on the evidence. The deed was not produced in evidence.

W. A. McKee, who conducted the purchase from Brown and the sale to Sipes for Aurelius-Swanson Company, testified that when the deed was received from Brown, the deed was blank as to the grantee. Mrs. Brown took the deed with her from Oklahoma City to Clayton, N. M., where it was signed and acknowledged before a notary public. It was then forwarded to Brown's father in Oklahoma City, who delivered it to Aurelius-Swanson Company, and received payment. The Brown's all testified that Aurelius-Swanson Company was named in the deed as grantee. The notary public, who was required by the law of New Mexico to keep a record showing the names of the grantors and grantees and a description of the property, where acknowledgments were taken, testified that she took the acknowledgment of Joseph T. Brown and Theo. L. Brown and that Aurelius-Swanson Company was named in the deed as grantee. Her record showed the names of the grantors to be Joseph G. Brown and Theo. L. Brown, the name of the grantee, Aurelius-Swanson Company, and the description of the property as lots in Oklahoma City. This evidence, together with the circumstance that the original deed was not produced, was sufficient to prove that the name of Aurelius-Swanson Company was erased and the name of Sipes inserted as grantee after the deed was executed, delivered, and paid for.

This brings us to the question as to whether proof that the name of the grantee in the deed was erased and the name of

another inserted as grantee, after the deed was executed, delivered and paid for, was a defense to the covenant of warranty against prior mortgages. The general rule that a material alteration of a written instrument after execution and delivery, without the knowledge or consent of the maker, renders the instrument void is so well established that a citation of authorities is unnecessary. The rule was first adopted in response to the demands of public policy for the prevention of frauds. Written instruments in the hands of adverse parties may easily be altered, and it has always been considered of the highest importance that written instruments be preserved as executed. This rule has always been held to be especially applicable to deeds conveying real property. The name of the grantee is a material part of the deed. It is necessary to its validity. The owner of property has the right to say to whom he will convey it. He may be unwilling to sell to one at the same price he would sell to another. A deed presupposes a contract. There was no contract between Brown and Sipes. There was no meeting of the minds. There was no delivery from Brown to Sipes. The title was conveyed to Aurelius-Swanson Company, and the covenant of warranty was to Aurelius-Swanson Company, and. as covenants of warranty run with the land, as held by this court in Arnold v. Joines, 50 Okla. 4, 150 Pac. 130, the covenant of warranty was to Aurelius-Swanson Company and its grantee and subsequent grantees. and not to Sipes and successive grantees.

It is argued that as covenants of warranty run with the land and Brown had received full payment, and the defendants were subsequent and successive owners for value and in possession, the covenant of warranty inured to their benefit. The answer is that before a covenant of warranty can run with the land, there must be such covenant. The alteration of the deed rendered the deed, including the covenant of warranty, void. The conclusion here reached is sustained by the following authorities: Abbott v. Abbott, 189 Ill. 488. 82 Am. St. Rep. 470; Perry v. Harkney (N. C.) 55 S. E. 289; Hollis v. Harris (Ala.) 11 South. 377; Schintz v. McManamy. 33 Wis. 299; Thompson on Real Property, sec. 3995; 1 R. C. L. 990.

It is argued that as Brown received full pay for the property. and the deed as altered went of record, and Sipes and successive purchasers were in possession. and Brown made no objection until this suit was filed, and the alteration was made without

fraudulent intent and no injury resulted, that Brown has ratified the deed and is estopped to deny liability under its covenants.

To sustain this contention they cite section 5247, Comp. Stat. 1921:

"Any person or corporation having knowingly received and accepted the benefits or any part thereof of any conveyance, mortgage or contract relating to real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

We think this statute is not applicable. Brown received no benefits from the recorded instrument upon which defendants rely. He is a stranger to that instrument. It was by the execution of another and entirely different instrument that he received the benefits.

We think a correct conclusion was reached by the trial court, and the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 961, § 731. (2) 2 C. J. p. 1216, § 76; anno. L. R. A. 1917E, 815; 1 R. C. L. p. 974, 1 R. C. L. Supp. p. 298.