## STEWART v. STEWART et al.

No. 16526—Opinion Filed Oct. 19, 1926.

**Principal and Agent—Existence of Agency the Issue—Demurrer to Evidence.**

Where the liability sought to be established is predicated upon the question of agency and the issues are tried to a jury, and there is no competent evidence tending to establish agency, and no circumstances shown from which agency could be inferred, there is nothing to submit to the jury, and a demurrer to the evidence should be sustained.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by Lela I. Stewart against Tom W. Stewart, Mrs. Tom W. Stewart, J. T. Hodges, and W. O. Akin to recover on note and foreclosure of real estate mortgage. Judgment for defendant Akin on his cross-petition, from which judgment plaintiff appeals. Reversed.

Williams & Martin, Arthur C. Popham, and Guy M. Cowgill, for plaintiff in error.

W. L. Chase, E. B. Arnold, and W. A. Woodruff, for defendant in error.

Opinion by THREADGILL, C. On January 31, 1924, plaintiff in error, who was plaintiff in the trial court, brought suit against Tom W. Stewart and Mrs. Tom W. Stewart, defendants, on a note for $4,350 and to foreclose a real estate mortgage to secure the same. The note was dated September 23, 1921, payable one year from date, bearing interest at 8 per cent. per annum from date until paid and providing 10 per cent. of the principal for attorneys' fees. The mortgage was dated the same date as the note, and the land described in it was 650 acres situated in Adair county. Tom W. Stewart was the maker of the note and mortgage and Mrs. Tom W. Stewart was made a party because she was his wife. J. T. Hodges and W. O. Akin were made parties defendant as having some interest in the real estate, the character of which was unknown to plaintiff. The note and mortgage were executed to the Stewart Farm Mortgage Company, a corporation, of Kansas City, Mo., and on the same date that they were executed, the note was indorsed and the mortgage was assigned to the plaintiff, Lela I. Stewart, and the mortgage was placed of record October 17, 1921.

The defendants, the Stewarts, and J. T. Hodges, made no appearance, and judgment was had against them by default, and on motion of plaintiff the jury was directed to return a verdict for the amount prayed against the Stewarts and for foreclosure of the mortgage, which was accordingly done. The defendant Akin filed an amended answer and cross-petition, consisting, first, of general denial, and then states in substance that in 1921, and prior to the execution of the note and mortgage sued on, he entered into a written contract with the Stewart Farm Mortgage Company of Kansas City, Mo., through T. W. Scott and E. J. Lawrence, to sell certain lands in the Río Grande Valley in Texas, upon a commission basis, in which he was to have 5 per cent. of the value of each sale or exchange; that under said contract he entered into negotiations with J. J. Carr and Ella Maud Carr of Eldon, Okla., to trade or exchange some of the lands belonging to the said mortgage company in Texas for lands belonging to the Carrs in Adair, Cherokee, and Roger Mills counties, Okla., and Baxter and Savier counties, Ark.; that he succeeded in bringing the parties to inspect the property; that he went with J. J. Carr to inspect the lands in Texas, and W. E. Stewart, for the mortgage company, came to Oklahoma and inspected the lands to be exchanged for the Texas lands; that said W. E. Stewart, upon inspecting the lands, refused to consummate the deal unless said T. W. Scott and E. J Lawrence would agree to credit their commission in said deal on their account with the Stewart Farm Mortgage Company, which they refused to do. Thereupon, said W. E. Stewart, acting as the agent of his wife, Lela I. Stewart, made a verbal agreement with defendant by which the lands in Texas, belonging to the said mortgage company, should be deeded to Tom W. Stewart, brother of W. E. Stewart, and by him exchanged and deeded to the Carrs, and the property of the Carrs in Oklahoma to be deeded to Tom W. Stewart, and said Tom W. Stewart to execute mortgages upon the said Carr property in the aggregate sum of $39,000, being the full cash value of the property, and on the same date said mortgages were executed they were to be assigned by the mortgage company to Lela I. Stewart, wife of said W. E. Stewart, and this was to be done for the purpose of placing the said property beyond the reach of said Scott and Lawrence and prevent their fixing liens on the same by judgments for their commissions as agents of said mortgage company; that this agreement was consummated and the notes and mortgages executed to the said mortgage company and indorsed and assigned to said Lela I. Stewart; that the said notes and mortgages were without any consideration whatsoever. Defendant further states that the plaintiff ratified this agreement he made with her husband, W. E. Stewart, by paying a part of his commission, to wit, $900, money advanced by plaintiff to pay expenses in inspecting the lands in Texas, and by releasing a mortgage on 20 acres of the land in Cherokee county, Okla., to pay a judgment of J. T. Hodges for $1,500 against Tom W. Stewart, which judgment was a part of defendant's commission, making the full amount paid him the sum of $2,400, leaving a balance due of $2,600, with interest at 6 per cent. from September 23, 1921, for which he prays judgment and prior lien to secure same on the lands in Adair county, Okla.

Plaintiff demurred to this answer and cross-petition, and same being overruled, she filed a reply of general denial. On March 10, 1925, the issues, as thus made up, were tried to a jury, and when defendant had introduced his evidence and rested, the plaintiff demurred to the same, which was overruled by the court, and after all of the evidence was introduced and the court instruct-

ed the jury, a verdict was returned for the sum of $2,600 in favor of the defendant, and plaintiff has appealed asking for a reversal.

Plaintiff has stated ten assignments of error and discusses them at considerable length and with more than ordinary earnestness, and defendant has answered the argument with a well prepared brief, and both parties have cited many authorities to support their contentions. However, as we view the record and the contentions of the parties, we do not deem it necessary to pursue the details of the assignments and discussions in this opinion. We think the question of plaintiff's agency, as alleged in the cross-petition, is the principal question of the pleadings and the evidence, and this question is decisive of the controversy between the parties. Under the issues of the cross-petition and reply, in order for defendant Akin to prevail, it was necessary for him to prove by competent evidence that W. E. Stewart was the agent of his wife, Lela I. Stewart, in the verbal agreement defendant pleaded in his cross-petition. Defendant, on the question of agency, stated in his cross-petition, in substance, that he had a verbal agreement with W. E. Stewart as the agent of his wife, the plaintiff, in which it was expressly understood that he was to receive from the plaintiff the sum of $5,000 as his commission for consummating the said land deal, and he further states:

"Plaintiff, through the said W. E. Stewart, and the Stewart Farm Mortgage Company, has paid to this defendant upon his commission the following amounts: J. T. Hodges the sum of $1,500, which was charged to this defendant, and the full sum of $900, money advanced as expenses in taking prospective purchasers to the Rio Grande Valley, Tex."

Now, what does the evidence show in proving the agency of plaintiff as alleged? Defendant's first evidence to prove this agency is that W. E. Stewart, at the time they were making their verbal agreement, said:

" 'I will see that you get your commission,' he said, 'I am going to deed this stuff to Stewart and in return I will deed it to the Stewart Farm Mortgage Company and they will convey it—and they will convey it to Lela I. Stewart, his wife, and she would pay my commission.' "

It was sought by this evidence to prove agency by the declarations of the alleged agent, but this was not competent evidence for this purpose. The rule as stated in Thorpe Oil & Specialty Company v. Home Oil Refining Company, 79 Okla. 225, 192 Pac. 573, is as follows:

"Agency cannot be proved against another by evidence of the declaration of an agent, and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury."

The next evidence relied upon is the $900 expense money, which defendant alleged plaintiff paid as a part of his commission. He testified that this was paid by W. E. Stewart for the Stewart Farm Mortgage Company as expenses in going with prospective purchasers to see the Texas lands and this work was done and the expenses advanced before plaintiff appeared in the transaction. There is nothing in this testimony to connect plaintiff with this payment, and proof of the allegation fails. The next evidence relied upon is the payment of the $1,500 by releasing a mortgage on 20 acres of the Carr lands. Defendant testified as follows:

"Q. State what payments did you receive? A. I told J. T. Hodges I needed some one to help me make this trade. * * * Q. State whether or not you employed J. T. Hodges? A. Yes, sir. Q. Was any payment made him? A. Yes, sir. Q. Who made that? A. It was made through Lela I. Stewart. Q. How? A. She released a mortgage on 20 acres to Tom to sell it and paid this commission."

The last part of this answer was objected to on the ground that it was not responsive nor binding on plaintiff, and the objection was overruled and exception saved. On cross-examination defendant stated:

"Q. When Mrs. Stewart released this $1,500 mortgage down here you had no correspondence in connection with that, did you? That was done through the Stewart Mortgage Company? A. I didn't have anything to do with it. I sold that piece of land for Tom and he started the correspondence—I got the man and worked up the deal. Q. And she released? A. J. T. Hodges had a judgment against him for six hundred fifty something, I believe it was. Q. That Hodges had the judgment against Tom Stewart? A. Yes, sir. Q. And Mrs. Stewart released that mortgage so Tom could get the money and take that up? A. Yes, sir."

It appears from this evidence that defendant employed J. T. Hodges to assist him in making the Carr land deal, but it is not clear what he was to pay him or that he did pay him anything. After Tom W. Stewart got into the transaction, J. T. Hodges brought suit against him and obtained a judgment for about $650, which was a lien on all the Carr lands deeded to T. W. Stewart, but evidently subject to the mortgages held by plaintiff. T. W. Stewart, by correspondence, had plaintiff to release a $1,500

mortgage on 20 acres of the land so he could sell the same and pay off this judgment. Defendant sold the land for T. W. Stewart after the mortgage was released and the same was sent to W. E. Stewart at Kansas City and he paid off the judgment to J. T. Hodges, and as to what became of the $850 left after satisfying the judgment we are not definitely informed. The only connection plaintiff had in this transaction was in the matter of releasing the $1,500 mortgage at the request of T. W. Stewart to satisfy the $650 judgment against him in favor of J. T. Hodges. There is nothing in this evidence to prove that plaintiff released the mortgage to meet an obligation to defendant in pursuance of an agreement made by her husband, as her agent, but rather as a favor to T. W. Stewart and to clear the title of all the lands in his name in Adair county and described in her mortgages. Defendant's evidence is very unsatisfactory in showing just what the facts were in this connection. He gives plaintiff credit for $1,500 for releasing the mortgage on 20 acres of the land, and he sold the land for T. W. Stewart for $1,500 to satisfy a $650 judgment not against him but against said T. W. Stewart. If it were not for the almost definite statement that the judgment was about $650, we should infer, from the other statements in this connection, that the whole $1,500 went to J. T. Hodges. Defendant gives credit for $1,500 on his obligation to pay Hodges a part of his commission for services rendered by Hodges, but Hodges only claimed $650, and this was a judgment against T. W. Stewart. Defendant does not say he got the balance of the $1,500 after the judgment was satisfied, nor did T. W. Stewart get it. He leaves the impression in our minds that it was sent to W. E. Stewart at Kansas City and was kept by the Stewart Farm Mortgage Company, and yet defendant gives credit for the whole amount. If he were testifying to a compromise, we could understand this sort of generosity, but since the testimony is to state facts of payment to bind the plaintiff in the agency agreement he pleads, we cannot understand it. We do not think there is any evidence showing the agency pleaded by defendant, and, therefore, no issue of fact to be submitted to the jury. Plaintiff's demurrer to the evidence should have been sustained. Lewis B. Wood Realty Co. v. Greer, 100 Okla. 276, 229 Pac. 232.

The cause is, therefore, reversed and a new trial ordered.

By the Court: It is so ordered.

Note.—See 2 C. J. p. 96, §731.