**HORTON et al. v. FIELDER et al.**

No. 18005. Opinion Filed March 20, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

1. **Principal and Agent—Existence of Agency and Extent of Authority for Jury Where Competent Conflicting Evidence.**

Agency is a fact to be proved as other facts, and where there is any competent evidence bearing upon the issue of agency and the extent of the authority of such agent, and the evidence is conflicting, the issue as to such agency and the extent of the authority of such agent are questions to be determined by the jury, but where there is no competent evidence tending to establish the relation of principal and agent, it is error for the trial court to submit such issue to the jury.

2. **Same—Agency not Established by Fact that Person Purports to Act as Agent.**

Where one purports to act as agent for

another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury.

**3. Same—Erroneous Admission of Evidence.**

The evidence in this case examined, and it is held, that the admission of the testimony of defendant Eads that a party named Springer was acting as agent of plaintiffs was error; there being no evidence independent of said statement to establish his authority.

**4. Same—"Ratification" of Unauthorized Acts—Essentials—Principal's Knowledge of Material Facts of Transaction.**

Ratification, as it relates to the law of agency, may be defined as expressed or implied adoption and confirmation by one person of an act or contract performed or entered into on behalf of another who, at the time, assumed to act as his agent in doing the act, or making the contract without authority to do so, and the general rule is, in order that a ratification of an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized act or transaction, or that some one authorized to represent the principal, except the agent, have such knowledge, unless the principal is willfully ignorant or improperly refrains from seeking the information.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by George T. Horton, Horace B. Horton, and Merle J. Trees, a copartnership doing business under the name of Chicago Bridge & Iron Works, against A. Fielder, Tom Eads, L. D. Lindsay, and E. H. Hackenberg, a copartnership doing business under the name of Fielder & Eads, and the Southern Surety Company, a corporation. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for new trial.

Oliver C. Black and R. K. Robertson, for plaintiffs in error.

Allen, Underwood & Smith, E. W. Brown, and Cheatham & Beaver, for defendants in error.

MASON, V. C. J. The city of Bristow entered into a contract with Fielder & Eads, a copartnership, to construct certain improvements and extensions to its waterworks system, and the Southern Surety Company was surety on the bond of said partnership to idemnify the city against liens and to insure proper performance of said contract. Thereafter, Fielder & Eads entered into a written contract with the Chicago Bridge & Iron Works, a copartnership composed of George T. Horton and others, to furnish and construct a portion of said waterworks system, including a water tank and tower, at a contract price of $10,000. Later, the city changed the plans and specifications by requiring a tower 15 ft. higher than originally contracted for, and the parties agreed upon an additional consideration of $810, or a total contract price for the tower and tank of $10,810.

Under the terms of the contract, the Chicago Bridge & Iron Works was to receive 60 per cent. of the contract price upon shipment of the material and 30 per cent. upon completion of the erection of said tower and tank and the balance upon test. The Bridge & Iron Works, not having received the 60 per cent. payment upon shipment of the material, commenced this action against Fielder & Eads and the Southern Surety Company. The cause was tried to a jury, which resulted in judgment for the defendants, from which the plaintiffs appeal.

The evidence discloses that shortly after the parties entered into the contract sued on, the defendants Fielder & Eads sent the following telegram to the plaintiffs:

"Advise when you can make shipment on tank and tower for Bristow, Okla., but do not ship until advised by us, as there is no money available at present in city treasury."

And the following reply was received:

"We will endeavor to make shipment in six weeks after you give us notice that money is on hand and that it is OK to go ahead."

Several months thereafter, the city of Bristow entered into an escrow agreement with Fielder & Eads which set out the terms of the contract between the plaintiff and defendant partnership herein. Under the terms of said escrow agreement, the city deposited $10,810 in the First State Bank of Bristow. which was directed to pay the same to the plaintiffs under the terms and conditions of said contract. It also appears that Fielder & Eads forwarded to plaintiffs a triplicate deposit slip showing said escrow deposit. Before any of said money was paid out, the bank failed.

Upon trial of the case, the defendants sought to fix liability upon the plaintiffs for the escrow money lost in the failure of the bank, by showing that plaintiffs were responsible for said escrow agreement and deposit and were bound thereby.

Over plaintiffs' objection, the defendant Eads was permitted to testify that, after the above-mentioned telegram was sent, a Mr. Springer conferred with defendants on behalf of the plaintiffs and that Springer

stated that said tower and tank would not be shipped unless said escrow agreement was entered into. Defendants also introduced the evidence of a district manager of the plaintiffs to the effect that Springer was employed by the plaintiffs, but his testimony also disclosed that Springer was only a time-keeper in the field department on another job and that he had no authority to discuss said contract with Fielder and Eads.

There is an entire absence of any other evidence in the record to show that Springer, in any way, was agent of the plaintiffs in the matter under consideration, or that he had any authority to act in said matter. Therefore, any statements made or any action taken, in the absence of the plaintiffs, by Springer, who is not shown to be plaintiffs' agent, were not admissible and could not bind the plaintiffs. The burden was upon the defendants under the issues formed by the pleadings not only to show that Springer was an agent of the plaintiffs, but also that he was acting within his authority as such agent.

It is a general rule that agency cannot be proved against another by evidence of the declarations of the agent, and where one purports to act as agent for another, that fact, of itself, is not sufficient evidence upon which to submit the question of agency to the jury. Oklahoma Automobile Co. v. Benner, 70 Okla. 261, 174 Pac. 567; Thorp Oil & Specialty Co. v. Home Oil Refining Co., 79 Okla. 225, 192 Pac. 573.

The record discloses that the trial court was familiar with this rule and so advised counsel for defendants, who assured the court that the other necessary evidence would be introduced to establish that Springer was the agent of the plaintiffs. This was never done. Therefore, the admission of this testimony of Eads was improper and very prejudicial to the plaintiffs' cause.

Agency is a fact to be proved as other facts, and where there is any competent evidence bearing upon the issue of agency and the extent of the authority of such agent, and the evidence is conflicting, the issue as to such agency and the extent of authority of such agent are questions to be determined by the jury, but where there is no competent evidence tending to establish the relation of principal and agent, it is error for the trial court to submit such issue to the jury. In the instant case there was no competent evidence on this issue, and the trial court, therefore, erred in submitting the same to the jury.

It is insisted by counsel for defendants in error that the plaintiffs, by going ahead with the work after the execution of the escrow contract, and by later accepting a 50 per cent. dividend paid by the failed bank, thereby ratified the action of Springer and the escrow agreement, although the evidence was insufficient to establish Springer as agent of the plaintiffs. Ratification, as it relates to the law of agency, may be defined as expressed or implied adoption and confirmation by one person of an act or contract performed or entered into on behalf of another who, at the time, assumed to act as his agent in doing the act, or making the contract without authority to do so, and the general rule is, in order that a ratification or an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge of all material facts and circumstances relative to the unauthorized act or transaction, or that some one authorized to represent the principal, except the agent, have such knowledge, unless the principal is willfully ignorant or improperly refrains from seeking the information. Thorp Oil & Specialty Co. v. Home Oil Refining Co., supra.

The record, however, does not justify the conclusion that the plaintiffs resumed the performance of the contract with Fielder & Eads on the strength of such escrow agreement. Fielder & Eads had advised the plaintiffs that the city had no money available, and to hold up further work until notified that money was available for such purpose. Plaintiffs were not parties to said escrow contract, and as far as the record discloses had no notice of it, other than a copy of the deposit slip, but upon being advised that money was available and that the city and the defendants Fielder & Eads, had deposited it is the bank under an agreement between themselves that it was to be paid to the plaintiffs according to the terms of the original contract between the defendants Fielder & Eads and the plaintiffs, work was resumed by the plaintiffs. It is true that the failed bank paid a 50 per cent. dividend to the depositors, but the record discloses that one-half of the deposit under the escrow agreement, or $5,405, was paid to the mayor of the city and by him forwarded to the plaintiffs. But if said money had been paid direct to the plaintiffs, we fail to see where this could constitute a ratification of the escrow agreement. It was due the plaintiffs under the original contract with Fielder & Eads, which referred to the contract between the city and Fielder & Eads and disclosed that the plaintiffs were merely subcontractors.

We see no merit in the contention that this constituted acceptance of proceeds of an unauthorized act of Springer, as he was not a party to the escrow agreement either in his individual capacity or otherwise.

We conclude that there was no competent evidence upon which to submit the question of ratification to the jury and that the trial court committed reversible error in so doing.

We deem it unnecessary to discuss the other assignments of error, as they will probably be eliminated by another trial.

The judgment of the trial court is reversed, with directions to grant a new trial.

BRANSON, C. J., and PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 2 C. J. pp. 960, 961, §731; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1432; 5 R. C. L. Supp. p. 1173; 6 R. C. L. Supp. p. 1285. (2) 2 C .J. p. 935. §692; p. 954, §727. (3) 38 Cyc. p. 1352 (4) 2 C. J. p. 476, §93; p. 481, §98; anno. L. R. A. 1918C, 222; 21 R. C. L. p. 928; 3 R. C. L. Supp. p. 1204; 4 R. C. L. Supp. p. 1439; 6 R. C. L. Supp. p. 1295.