## LOVE v. WILLIAMS et al.

No. 24122.   Oct. 16, 1934.

Rehearing Denied Dec. 4, 1934.

Ruby Turner Looper, for plaintiff in error.

Shirk, Danner & Phelps, for defendants in error.

PER CURIAM. The defendants in error were plaintiffs and the plaintiff in error was defendant in the trial court. They will be referred to herein as plaintiffs and defendant, as they appeared below.

Plaintiffs' suit was for the purpose of quieting title to an undivided interest in an oil and gas lease on certain lands in the oil fields adjacent to Oklahoma City. The petition makes the usual allegations and seeks the usual relief of such actions. The defendant filed her answer and cross-petition. In her answer and cross-petition defendant admits that plaintiffs are the record owners of an undivided interest in the oil and gas. In her cross-petition she asked to be adjudged the owner of one-half of the interest in the lease appearing of record in the name of plaintiffs, and also sought to recover a money judgment against plaintiffs in approximately the sum of $6,000. She alleges that she was a special friend of the owners of the leased land. That, "these plaintiffs knowing and being aware of said condition of personal friendship, orally and for mutual consideration contracted with this defendant to secure for this defendant and these plaintiffs an oil and gas lease from said owners to said property, the profits arising therefrom to be divided equally between these two plaintiffs on the one behalf and this defendant on the other." That in pursuance of this oral agreement defendant brought the owners and plaintiffs together and plaintiffs procured said oil and gas lease and took same in their name. That plaintiffs thereafter fraudulently ignored the interest of defendant and sold said oil and gas lease to the Skelly Oil Company, for a cash consideration of $12,000, and reserved to themselves an undivided three-eighths (3/8) interest.

That plaintiffs retained the $12,000 and refused to pay her any part thereof. Defendant alleges that after deducting certain admitted items of expense, she is entitled to half the remainder, the sum claimed being $5,687.50.

A jury was impaneled to hear said cause and defendant assumed the burden of proof. At the conclusion of defendant's testimony the trial court sustained plaintiffs' demurrer and directed the jury to return a verdict in favor of plaintiffs. Whereupon, the jury was discharged. The trial then proceeded before the court on the question of the title to the reserved interest in the oil and gas lease. Judgment on this feature of the case by the court was for plaintiffs.

On appeal defendant presents the contention that the court erred in sustaining the demurrer to her evidence, and also that she was prevented by the trial court from developing her case in that she was precluded from proving agency or, at least, agency by ratification. In her reply brief she states that the main issue before this court is error of the trial court in sustaining the demurrer to her evidence. In passing upon this question it will be necessary to notice only the evidence offered by defendant.

The facts necessary for a determination of this case, as disclosed by the record, are substantially as follows: Defendant was a friend of the owners of the land on which the oil and gas lease was taken. She had an agreement with the owners to sell an oil and gas lease for them. The owners were to pay no commission. Defendant was not in the oil business; she procured one W. R. Pruitt to sell the lease for her. Pruitt seems to have sold the lease originally to a Mr. Lewis. The owners executed a lease to Mr. Lewis, who, before placing his lease on record, sold it to the plaintiffs and executed an agreement to them. In the examination of the title some question was raised as to the form of the lease to Lewis and plaintiffs required a lease on a different form. In procuring the new lease from the landowners, since the first lease had not been recorded, it was decided to take the new lease in the name of plaintiffs. Neither the landowners nor defendant ever saw or talked to the plaintiffs prior to the time of the execution of the new lease. Defendant never saw or talked to plaintiffs till after they had contracted to sell the lease to the Skelly Oil Company. Defendant testified she never had any agreement with plaintiffs unless through Pruitt and Lewis. She claimed an agreement with Pruitt and Lewis whereby she was to have half of all

the lease sold for in excess of the cost. Defendant testified that after she heard that plaintiffs had contracted to sell the lease to Skelly Oil Company, she and a Mrs. Reeger went to see Mr. Medford, one of the plaintiffs, at the Wells Roberts Hotel in Oklahoma City. She says that she asked Medford if her half interest was mentioned in the lease contract and he answered, "Yes, it is." Later, when she learned she was not mentioned in the contract, she filed for record an affidavit setting out her claimed interest. Nothing else was ever done by her till this suit was filed about a year ago.

In the trial court and in this court, defendant takes the position that Pruitt and Lewis were the agents of plaintiffs and that plaintiffs are bound by the agreement she claims to have had with the alleged agents. In this connection it is well to note that Pruitt and Lewis are not mentioned by defendant in her pleadings. Defendant seems to have overlooked the familiar rule of pleading and evidence that one who relies upon agency should allege it and has the burden of proving the fact of agency and the scope of the alleged agent's authority. That agency is not presumed. As we view the record she offered no competent evidence that either Pruitt or Lewis were agents of or connected in any way with the plaintiffs. She attempted to prove agency by the oral declarations of Pruitt. The trial court very properly excluded this testimony. This court has repeatedly held that evidence of statements, declarations, and acts of the reputed agent, standing alone, are not admissible in evidence to establish the relation of principal and agent. Winnebago State Bank v. Hall et al., 127 Okla. 215, 260 P. 497; Ramsey v. Thompson, 127 Okla. 257, 260 P. 773. But, defendant contends, her conversation with plaintiff Medford, set out above, showed ratification, and that she was entitled to have her evidence submitted to the jury on the question of agency. She contends this conversation shows agency by ratification. We can see in this testimony none of the essential elements of ratification. At most, it could be construed only as an admission of a vague and indefinite knowledge of an interest claimed by defendant. How, when, or under what circumstances, or from whom this knowledge was obtained, is not disclosed. It does not prove agency. Ordinarily the question of agency is one for the jury. This is true where from the evidence introduced reasonable men may reach different conclusions as to whether the agency has been established. But where the evidence fails to show agency, and no circumstances are shown from which agency could reasonably be inferred, there is no question for a jury to determine, and a demurrer challenging the proof of the defendant on the question of agency, under such circumstances, is properly sustained by the court. Lewis B. Woods Realty Co. v. Greer, 100 Okla. 276, 229 P. 232; Sipes v. Perdomo, 118 Okla. 181, 247 P. 689; Horton v. Fielder, 131 Okla. 101, 267 P. 847.

The demurrer to the defendant's evidence in this case was properly sustained. No other error of the court is urged.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge Eugene Rice, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion was adopted by the court.