## SANDLIN v. HENRY.

No. 27039. April 6, 1937.

Rehearing Denied June 22, 1937.

E. W. Smith, for plaintiff in error.

Carland Smith, for defendant in error.

PHELPS, J. Among other forms of relief prayed for, this action was one for possession of real estate. The trial court held that plaintiff had no interest in the property and denied her recovery, from which judgment she appeals.

Plaintiff's first contention is that the court erred in denying her application for a continuance. The ground set forth for the continuance was sickness of the plaintiff. She had had one continuance prior to trial, on the same ground, and when she sought the continuance on the occasion now under consideration, the defendant contended that she, the plaintiff, was not ill, and insisted on going to trial. The plaintiff presented no affidavit of the attending physician, but consented in open court, through her attorney, that the trial judge should telephone her physician concerning the matter and

that the parties would abide by what the physician should say. The following is from the record:

"The Court: Do both sides agree that I may call Dr. Wallace and that I may act on what information I may find out? Mr. E. W. Smith: Yes, sir. Mr. Carland Smith: Yes, sir. The Court: Let the record show that both sides have agreed in open court that the judge may call Dr. Wallace on the telephone and may act on what information the court may obtain from the doctor over the telephone."

Afterward the trial judge reappeared in the courtroom, and the record reveals his cause for overruling the motion for continuance, as follows:

"The Court: Let the record show that the judge of this court, S. L. O'Bannon, pursuant to the agreement between the parties heretofore set forth, has talked to Dr. Wallace over long distance telephone and that Dr. Wallace advised the court that Mrs. Sandlin's baby is now thirty-one days old and that she is in as good a condition as a woman usually is when the baby is that old, and in his opinion there is no reason why she would not be able to attend court as a witness today. Go ahead."

Both sides of the case having stipulated that they would abide the result of the physician's report, it could not be said that there was error in denying the continuance. We do not overlook the fact that appended to plaintiff's motion for a new trial was the joint affidavit of herself and husband that the doctor had not examined her for ten days prior to trial, and that on that date she was sick and unable to attend. The time for such proof was on the date of the trial, and having solemnly stipulated to abide the doctor's report on that date, such became the evidence on the issue, and the plaintiff should not be permitted to speculate on the outcome of the trial and then, having suffered an adverse judgment, impeach her own stipulation and her own witness.

The plaintiff next complains that the evidence is insufficient to sustain the judgment and that the judgment is contrary to law. The plaintiff's name is L. Sandlin and her husband's name is G. L. Sandlin. The overwhelming weight of the evidence was to the effect that the instrument purporting to be a warranty deed, upon which plaintiff predicated her action, had prior thereto been executed by defendant to G. L. Sandlin, and that after its execution and delivery the letter "G." had been erased or blotted out with ink, or both, leaving it to appear as if it had been made to L. Sandlin, the plaintiff. This evidence appeared from the face of the instrument, showing the alteration, and recitals therein referring to the grantee in the possessive case as "his" in one place, and an unsuccessful effort to change "his" to "her" in another place. It further appeared from the testimony of the defendant, which was corroborated by the testimony of the notary public who took the acknowledgment, and his records.

The defendant admitted signing this instrument, which was in form a warranty deed, but testified that the grantee named therein was G. L. Sandlin, the husband of plaintiff, and not L. Sandlin, the plaintiff. Her contention was that it was in truth and fact intended as a mortgage, to secure the repayment of $300 loaned her by G. L. Sandlin. Prior to the present action she had obtained a judgment against G. L. Sandlin, so decreeing. That judgment became final. L. Sandlin, the plaintiff, was not a party to that action. It was adjudged therein, in the superior court of Okmulgee county, that the instrument was a mortgage and that she was indebted to G. L. Sandlin thereon in a certain stated amount. Her evidence tending to prove the same contentions in the present trial need not, therefore, be considered, and it is sufficient for the purposes hereof to note, as hereinbefore recited, that the evidence amply sustains the finding that L. Sandlin, the plaintiff, has never had any interest in the property, by mortgage, deed, or otherwise, and that the appearance of her name as purported grantee in the instrument was caused by a material alteration therein, made after execution and delivery thereof. As a deed or as a mortgage, it is therefore void, as far as she is concerned (Sipes v. Perdomo, 118 Okla. 181, 247 P. 689), and the question of whether it was a mortgage to her husband need not be considered.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur.