Thos. Nolan v. St. Louis & San Francisco Railroad Company, *a Corporation.*

(Filed September 4, 1907.)

(91 Pac. 1128.)

1. ATTORNEY AND CLIENT -Authority of Attorneys—Judicial Notice. In this territory, attorneys at law receive their license, and are authorized by the supreme court to engage in the practice of the law, and to transact business as attorneys at law, and the courts of the territory will take judicial notice of the fact that one appearing and acting as an attorney is or is not duly authorized.

2. SAME—Scope of Authority. Any duly authorized attorney may, after the subject matter has been placed in his hands, give any notice affecting the substantial rights of his client which the client himself might have given, and those affected by such notice must take notice of it.

3. SAME—Dispute of Authority—Burden of Proof—Presumptions. Where notice material to the maintenance of a suit has been given by an attorney, those disputing the authority of the attorney and who rest their defense, in an action based thereon, upon the fact that they dispute the attorney's authority to give important notices, must maintain such defense in court, for a court of record in Oklahoma will presume that an attorney admitted to the practice is acting in all matters affecting his client's rights, with authority from the client he represents.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

· *Mackey & Mackey,* for plaintiff in erorr.

*Flynn & Ames,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was commenced in the probate court of Grant county, to recover possession of a portion of the depot grounds and right of way in the town of Lamont, in said county, which at the time of bringing said action, to-wit, June 2, 1905, and from the 28th day of April, 1903, had been occupied by defendant under and by force of a license from the plaintiff, which license provided that it should terminate on sixty days' notice by the plaintiff railroad company, and provided that the defendant on receiving such notice should at once vacate such premises. The license was signed by both plaintiff and defendant. On the 18th day of March, 1905, the agent of the plaintiff at Lamont served a notice upon the defendant terminating said lease within sixty days from the date of such service, describing the premises, and requesting defendant to remove therefrom and give possession of the same, which notice was signed: "St. Louis & San Francisco R. R. Company, by Flynn & Ames." The defendant failed to vacate the premises at the expiration of sixty days, and on the 27th day of May, 1905, the agent of the company at Lamont served another notice upon the defendant, such as required by the statute to be given prior to the commencement of the action of forcible entry and detainer, and which notice demanded the immediate vacation of the premises, or suit for such possession would be commenced within three days, which notice was also signed by the St. Louis & San Francisco Railroad Company, by Flynn & Ames, its attorneys. The defendant continuing the occupancy of the premises notwithstanding the foregoing notices, suit was brought therefor in the probate court of Grant county and tried on the 24th day of June, 1905, result-

ing in a judgment for plaintiff and for the restitution of the premises above described. Thereupon the defendant appealed said cause to the district court, where the same was, retried February 27, 1906, by a jury, resulting in a verdict and judgment in favor of the plaintiff, and defendant brings the case to this court predicating error upon the rule of the trial court, because of the overruling by said court of a motion for a new trial, which motion was upon the ground: First, that the verdict and judgment is not sustained by sufficient evidence and is contrary to law; second, error of law occurring in the trial and executed to by the defendant.

Only one ground of error is now complained of in the trial of this case. The plaintiff upon the trial offered in evidence the written notice to terminate the lease, to the introduction of which defendant objected, and at the time excepted to the ruling of the court admitting the same, the point being that the notice terminating the lease was signed: "The St. Louis & San Francisco Railroad Company, by Flynn & Ames, its attorneys." That at the time said notice was served, and upon the trial of the cause, there was no proof offered that Flynn & Ames were attorneys of the plaintiff and authorized to give the notice. No evidence was offered upon the trial by the defendant, and the record shows that, when notice to terminate the lease was served, he at that time made no objection to the form or sufficiency of the same. No authority bearing upon the point involved is presented by the briefs upon either side, and the writer of this opinion has been unable to find any.

The license to the defendant, and by force of which he occupied the premises, provided that it could be terminated by the railroad company on sixty days' notice.

Without notice, therefore, by the railroad company sixty days prior to the bringing of this action, the company had no cause of action against defendant, Nolan. Such notice was, however, served upon the defendant by the company's station agent at

Lamont. It was signed, "St. Louis & San Francisco Railroad Company, by Flynn & Ames, its attorneys." Was this sufficient, in the absence of specific proof, of their authority to act in this respect?

The word "attorney" as used in this case means an attorney at law, and an attorney at law in this territory is an officer of the court, authorized to appear therein, and as such present to the court for its consideration the interests of his client, as well as to appear generally for his client with reference to the transaction of business usually confided to members of the legal profession, and are before being authorized to appear in court or to do business as an attorney at law, required to prove their qualification and to take an oath that in the transaction of business as attorneys they will do no falsehood nor consent that any be done in court, and will not knowingly promote, sue, or procure to be sued any false or unlawful suit. These requirements of the law have given to attorneys, admitted to the practice of the law, a status before the courts, and with reference to business they assume control of, different from that of other agents. A presumption follows their act, when acting for another, that they are authorized by such other to act for him touching the particular subject-matter. Attorneys admitted to the practice in Oklahoma obtain such right through and by reason of the authority of the supreme court, and the courts of the territory may therefore properly take notice of the right of an individual to act as an attorney at law, and to presume that in so acting they are not prosecuting any false or unlawful suit.

If Flynn & Ames, as attorneys at law, had without authority of the railroad company undertaken to cancel the license by which the defendant held possession of the premises, their act would have been a violation of their oaths as attorneys. The court upon the trial of the cause could not and would not assume that they had so acted. On the contrary, it would hold that their authority is presumed until some step was taken which would

challenge that presumption. No such step was taken in this case, and we think the court did not err in the admission in evidence, over the objection of counsel for defendant, the notice of the termination of the lease in sixty days, signed, "St. Louis & San. Francisco Railroad Company, by Flynn & Ames, its attorneys;" for the presumption would be in such case that they were the company's attorneys and authorized to act in that respect.

The judgment of the lower court is affirmed.

Irwin, J., absent; all the other Justices concurring.