TAYLOR v. KIRK et al.

No. 33164.    Jan. 25, 1949.

*202 P. 2d 420.*

E. F. Maley, of Okmulgee, for plaintiff in error.

Richard A. Hays, County Attorney of Okmulgee County, of Okmulgee, for defendants in error.

W. C. Alley, of Okmulgee, for defendant in error Harry DeVinna, Commissioner of Finance and Ex-Officio City Clerk, of Okmulgee.

ARNOLD, V. C. J. Action by Irene Taylor against Juanita Kirk, county treasurer of Okmulgee county, and Harry DeVinna, Commissioner of Finance and ex officio City Clerk of the City of Okmulgee. Separate demurrers to plaintiff's amended petition were sustained, plaintiff elected to stand on her amended petition, and judgment entered dismissing the action. Plaintiff appeals.

By her amended petition, to which demurrers were sustained, plaintiff alleged in substance:

That she is the owner and in possession of block 124 and block 125 in the city of Okmulgee, and that said property is within paving district No. 50 of said city; that plaintiff is informed and believes that paving bonds were duly issued by the city of Okmulgee as a means of financing the cost of said paving project, but that practically all of said bonds have been paid and that the owners of the few remaining bonds cannot be located; that owners of said outstanding bonds are unknown to the plaintiff and that plaintiff cannot ascertain the whereabouts or the addresses of said owners; that no legal action has been taken by said bondholders to enforce the statutory rights by foreclosure; that the time when said bonds could have been legally foreclosed has long since expired; that said bonds were dated September 8, 1922, and the last maturity was September 8, 1932; that said bonds have never been refinanced and that no action has been taken by the remaining owners thereof to refinance the same although the city clerk of the city of Okmulgee has caused proper legal notice of the rights of said bondholders with respect to refinancing said bonds; that by reason of the failure of said bondholders to assert their rights with respect to said bonds, plaintiff is entitled to have her title to said premises quieted against said liens of said paving district No. 50; that the records of the county treasurer of Okmulgee county and the records of the city clerk of the city of Okmulgee should be corrected to show that there are no liens against said premises with respect to said paving district No. 50, or that there are no claims or charges against said premises because of the unknown owners of outstanding bonds of said district; that plaintiff is entitled to have the cloud of said paving liens against her property removed and extinguished from the records of said defendants; that plaintiff acquired her

title to block 124 from Finton Watson who was a purchaser thereof at resale for delinquent taxes June 9, 1941; that plaintiff acquired her title to block 125 June 4, 1943, by resale deed from the county treasurer of Okmulgee county; that in 1929 the county treasurer of Okmulgee county issued tax sale certificate based on said paving assessments and that there was endorsed upon said certificate the assessments for all subsequent years; that by reason of the sale of said lands and premises for ad valorem taxes at resale in 1941 and 1943, all delinquent taxes, assessments, penalties, and costs previously assessed or existing and all outstanding individual and county tax sale certificates were canceled as provided by law; plaintiff's prayer was for judgment against the county treasurer and city clerk requiring them to correct the records in their respective offices to show that there are no claims, liens or charges of any kind or character against the premises of plaintiff and that her title and ownership be quieted.

By her demurrer the county treasurer raised the question of defect of parties defendant in that the bondholders are necessary parties, and that the amended petition does not state facts sufficient to constitute a cause of action against the defendant.

The city clerk demurred upon the general ground that the amended petition does not state facts sufficient to constitute a cause of action against him.

It is apparent that the only question for determination here is whether the separate demurrers of the defendants to plaintiff's amended petition were well taken and authorized the order of the trial court sustaining them.

While plaintiff alleged in one paragraph of her petition that she was unable to ascertain the names or addresses of the remaining holders of bonds issued by paving district No. 50, in another paragraph of her amended petition she alleges that the city clerk has issued the notices to the bondholders

in paving district No. 50 advising them of their rights to refinance their bonds and that limitation is about to run against them. This notice to which plaintiff refers is the notice which it is made the mandatory duty of the city clerk to publish and mail to bondholders at their last known address by the provisions of section 1 of the 1939 Act (11 O. S. 1941 §242). These records of the city clerk are public records and available for inspection by any person interested. It is, therefore, evident that if plaintiff had exercised reasonable diligence, with the knowledge which she possessed of the mailing of these notices by the city clerk, she could have ascertained the names and last known addresses of the remaining bondholders and made them parties defendant in the action. Whether known or unknown, the bondholders could have been made parties under 12 O. S. 1941 §231.

We know of no authority under which the trial court might enter judgment quieting plaintiff's title as against holders of special assessment liens in paving district No. 50 who are not before the court as parties to the action.

By the provisions of 11 O. S. 1941 §105, the city of Okmulgee has an interest in the special fund created for the purpose of paying these bonds, since it is entitled to the surplus remaining in such fund, after the payment of all of the bonds and interest coupons, to be used by it in repairing and maintaining the improvements for which such assessments were levied. We think the city of Okmulgee was also a necessary party defendant to a complete determination of the issues involved in the action.

This court, in the recent case of Baccus, County Treasurer, v. Banks et al., 199 Okla. 647, 192 P. 2d 683, upheld the 1939 Act (11 O. S. 1941 §242 et seq.) against an attack upon its constitutionality. In section 1 of that Act it is declared:

"The running of the period of limitation herein fixed shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead (pleaded) as a defense or not, . . . ."

This language of that act is not a sword of offense, but is a shield for defense. We find nothing in said act, nor elsewhere in the statutes, which would authorize the trial court to expunge these assessments from the records in the offices of the city clerk and county treasurer without the presence before the court of persons interested therein adversely to plaintiff. Due process of law requires their presence before any rights claimed by them may be destroyed. If plaintiff, in addition to the absolute bar provided by the statute, desired a judicial determination thereof, she should have brought into court all parties interested adversely to her in order that they might have an opportunity to meet her allegations of lack of diligence on their part in the enforcement of their rights. She was not entitled to have her title quieted as against the county treasurer and the city clerk, who she alleged had performed their official duties and who had no personal interest adverse to her.

We are of the opinion that the separate demurrers of the defendant county treasurer and defendant city clerk were well taken and that the trial court committed no reversible error in sustaining the same. Plaintiff, having elected to stand upon her amended petition, the judgment of the trial court dismissing her action was correct and is affirmed.

DAVISON, C. J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.