Jackson **JONES**, Appellant,

v.

**WORLD PUBLISHING COMPANY,** an Oklahoma corporation, Appellee.

**SECURITY OFFICER SYSTEMS, INC.,** a corporation, Appellant,

v.

**WORLD PUBLISHING COMPANY,** an Oklahoma corporation, Appellee.

Nos. 45018, 45019.

Supreme Court of Oklahoma.

June 5, 1973.

Rehearing Denied July 24, 1973.

Jack B. Sellers, Allen B. Mitchell, Sapulpa, for appellants.

Rucker, Tabor, McBride & Hopkins, by Paul McBride, Tulsa, for appellee.

IRWIN, Justice:

This action arose out of an automobile accident. Jackson Jones (Jones) and Security Officer Systems, Inc., filed separate actions wherein damages for personal injuries were sought by Jones and automobile property damages by Security. The actions were consolidated for trial purposes and were consolidated here for appellate review.

In summary, the petitions alleged James W. Bell (a co-defendant of appellee, World Publishing Company) was driving the car that struck the automobile in which Jones was a passenger resulting in the damages sought; that Bell was the agent of World Publishing Company (World) and was within the scope of his employment at the time of the accident. In its verified answer World denied Bell was an agent of World at the time of the accident or that Bell was on any mission or in the course of his employment for World at the time of the accident. Thereafter, World filed its motions for summary judgments, which the trial court sustained. This appeal was lodged from those judgments. Further proceedings as to Bell were postponed pending determination of this appeal.

The only issue presented is whether the trial court erred in sustaining World's motion for summary judgment. In determining this issue, the crucial question to be resolved is whether an alleged statement made by Bell following the accident was admissible and competent against World to prove that Bell was within the scope of his employment at the time of the accident.

According to the deposition of Jones, after the police officer arrived to investigate the accident, which was about 15 or 20 minutes after the accident, Bell stated that he had been working on a special football edition for World and had been interviewing someone and was on his way back to the office when the accident occurred. Bell denied making the statement. If this alleged statement is admissible against World, it constitutes evidence that would tend to establish that Bell was within the scope of his employment at the time of the accident.

Bell's deposition reflects he is a sports writer and on the date of the accident, which was June 29, his hours of work were from 4:30 P.M. until 1:00 A.M.; that he had left his home, went by his brother's house and had started uptown to work when the accident occurred at approximately 4:30 P.M., that football reporting was his specialty and when that season was not on he worked on the desk; and when reporting during the fall he goes out and interviews people and covers games, when on the desk he doesn't interview people or cover games; that he did not interview anybody on the day of the accident; and World paid him a certain sum per mile for using his car when reporting but paid him no expenses when he was on the desk.

World contends Bell's alleged statement was not admissible against it, and since there was no competent evidence sufficient to establish agency or that Bell was within the scope of his employment, the trial court properly sustained its motions for summary judgments.

Plaintiffs (Jones and Security Officer Systems) contend that Bell's alleged statement was admissible; a jury question was presented concerning whether Bell was within the scope of his employment at the time of the accident; and the trial court erred in sustaining World's motions for summary judgments.

We will first consider the admissibility of Bell's alleged statement against World. In Pierce Oil Corporation v. Myers, 117 Okl. 161, 245 P. 863, we considered evidence admitted by the trial court regarding alleged statements which were offered to show a person at the time of the accident was engaged in the business of the defendant company and that he was acting within the general scope of his employment. We reversed the trial court and in the first syllabus held:

"Statements, made in the absence of defendant by a person who was not shown to be defendant's agent, cannot bind defendant, and are objectionable as hearsay testimony. Admissions of an agent, in order to be admissible against the principal, must be made as agent, and while he is acting for the principal within his authority; and it must first be shown by competent evidence that such admissions were made in and as a part of the agent's performance of his duties and within the scope of his authority."

In Pierce we said the alleged remarks might have been admissible, in connection with other facts and circumstances, to establish the fact that the employee was in the line of his duty at the time of the accident, but they were certainly not admissible without in some way connecting them with the duty he was performing for his employer.

Plaintiffs argue that Bell's alleged statements were not offered to establish agency, because World admits that Bell was its agent and employee, but was offered for the purpose of proving that Bell was within the scope of his employment at the time of the accident. Plaintiffs cite Murphy Auto Parts Company v. Ball, 101 U.S. App.D.C. 416, 249 F.2d 508, as standing absolutely on all fours with the issues presented in the case at bar. In Murphy the question presented was whether an alleged out of court utterance of an employee, driving his own car after working hours, stating that he was on an errand for his employer, was admissible to show that he was in fact engaged in his employer's business at the time of a collision with a pedestrian where the statement was a spontaneous declaration or excited utterance.

In Murphy, the United States Court of Appeals said there has been a general failure of the courts to recognize that the rationale of the spontaneous declaration or excited utterance doctrine "furnishes a separate and distinct basis for the admissibility, not to be confused with the vicarious admissions rule. Under the vicarious admission rule, a substantive rule of agency, an agent's out of court statement as to his authority (or any other relevant matter) may be received even though hearsay, if other evidence proves he was authorized to

speak." The court also said whether a statement attributable to an employee or agent meets the test of a spontaneous declaration or excited utterance "lies essentially with the trial court, and not unlike the evaluation of credibility is one based in part, at least, on observation of the witness, the context of the statement and all surrounding circumstances."

In affirming the judgment of the trial court in Murphy, the court found that the alleged out of court statement, uttered at the time of the accident, and expressly found by the trial court to have been an excited utterance,was properly received in evidence as such.

In the case at bar, Bell's alleged statement was made about 15 or 20 minutes after the accident. Plaintiffs did not proceed on the theory that such statement was a spontaneous declaration or excited utterance and within the purview of the rule set forth in Murphy, supra. This is evident from the record. In the trial court, plaintiffs relied on Norton v. Harmon, 192 Okl. 36, 133 P.2d 206. In Norton, defendant Norton was the president of Norton Motor Sales Company and was operating a vehicle carrying a dealer's license plate at the time of the accident. We pointed out the statutory provision prohibiting the use of a dealer's license plate upon a vehicle used for private use or hire and held:

"The use of dealer's license plates upon an automobile being operated upon a public highway by an agent of a motor sales company raised a presumption that the automobile was owned by said sales company and that agent was engaged upon the company's business, it being presumed that both the company and the agent would obey the law.

"* * *

"While it is the general rule that declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule, it has many well-established exceptions; one of the well-recognized exceptions to the rule is that, when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae where made at the time of the transaction in question."

Plaintiffs' argument to the trial court was to the effect that Bell's alleged statement would be admissible after "a predicate or foundation had been laid" by other competent evidence. Query: Did plaintiffs produce any evidence, circumstantial or otherwise, that would raise a presumption or support a finding that Bell was within the scope of his employment at the time of the accident. We hold that they did not and Bell's alleged statement was inadmissible.

Plaintiffs offered in evidence certain expense vouchers to show that Bell was required to use his car and was reimbursed for his expenses; photocopies of several issues of World containing by-line stories written by Bell; and the deposition testimony of several coaches and other sports figures that Bell had interviewed.

The sum and substance of all of plaintiffs' evidence would not raise a presumption or support a finding that Bell had interviewed anyone after he went to work on the desk; or was on a mission for World or within the scope of his employment at the time of the accident. Bell received no expenses when he worked on the desk. The trial court summed it up in these words: "The sole question before the court on the motion for summary judgment is whether at the time of the accident in question the individual defendant, James Windle Bell, had been on a news mission and was returning to his office from a news mission, or was on his way to work from home or his brother's house. The conclusion is inescapable, under the competent evidence that is available to the court, Bell was on his way to work and was enroute from his brother's house to work; * * *." The trial court then said that the only evidence offered to controvert the above statement was Bell's alleged statement which the trial court held was inadmissible.

In Flick v. Crouch, Okl., 434 P.2d 256, we said:

"On motion for summary judgment there can be no trial of fact issues since its function is to determine whether there are any genuine issues as to material facts. Such motion should therefore be denied if under the evidence reasonable men might reach different conclusions from undisputed facts."

Since there is no evidence in the record that would raise a presumption or support a finding that Bell was an agent of World, or acting within the scope of his employment at the time of the accident, except Bell's alleged statement which we hold was inadmissible, there is a complete absence of any genuine issues as to material facts. Under these circumstances the trial court correctly sustained World's motions for summary judgments.

Decision of the Court of Appeals reversed; and judgment of the trial court affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.

HODGES and BARNES, JJ., dissent.