**CHICKASAW TELEPHONE COMPANY, Appellee,**

v.

**V.J. DRABEK, Appellant.**

No. 83683.

Supreme Court of Oklahoma.

July 9, 1996.

Robert H. Warren, Robert H. Warren & Associates, Oklahoma City, for appellant.

Fob F. Jones, Sulphur, for appellee.

OPALA, Justice.

■ Our answer to a single question is dispositive of this appeal. When issuing its temporary injunction,[1] did the trial court decide issues that lay beyond its jurisdiction? We answer in the affirmative. The interlocutory order, from which V.J. Drabek [Drabek] brought this appeal, is void on the face of the judgment roll[2] insofar as (1) it affects the conduct of J.E. DePlanche (Drabek's wife) and (2) implicitly decides her rights as holder of the dominant estate in the land in which Chickasaw Telephone Company's [company] claims the contested easement. The nisi prius order may be treated as viable only insofar as it temporarily enjoins Drabek, a self-proclaimed stranger to the dominant estate, from interfering with company's rights as the servient estate's owner.

I

**THE ANATOMY OF LITIGATION**

■ Company sought to install a fiber optic telephone cable in a pipeline easement

---

**1.** An interlocutory injunction is appealable under the provisions of 12 O.S.Supp.1993 § 993.

**2.** The materials included in the *judgment roll* are listed in 12 O.S.1991 § 32.1. The pertinent terms of § 32.1 are:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court.... Evidence must not be recorded."

The term "record" or "record proper" is synonymous with "common-law record" and "judgment roll." *Rodgers v. Higgins*, Okl., 871 P.2d 398, 405 (1993).

which crosses *land that may be owned either* (a) by Drabek and DePlanche, husband and wife, *or* (b) solely by the latter (DePlanche). While company concedes DePlanche owns *some* interest in the dominant estate,[3] Drabek claims she owns *all* of it.[4] There is no record proof of who owns the dominant estate in the land in which company claims the contested easement. The trial court was hence unable to determine the identity of that estate's holder.

Drabek tried to impede the cable's installation. Company petitioned the district court (a) to determine the breadth of its easement and (b) to enjoin Drabek from any further interference. At the hearing on temporary injunction Drabek argued that since DePlanche holds an interest in the land, she "should" be made a party to the suit.[5] Although neither the court nor company voiced any objection to the statement, the record is devoid of any indication that DePlanche, either verbally or in writing, entered her appearance in the case or in any other affirmative way voluntarily submitted herself (*sans* process) to the trial court's jurisdiction. Neither does the record (nor any paperwork filed in this court) establish that Robert Warren [Warren or Drabek's counsel] represented DePlanche at any stage below—in the trial or appellate court—or that he represents her in this certiorari proceeding.[6]

The nisi prius court—following a hearing—issued a temporary injunction which *implicitly rests* on the conclusions that (1) company holds an effective easement and (2) installation of a fiber optic telephone cable lies within the easement's scope as well as specifically *provides* that (3) both Drabek *and DePlanche* are enjoined from interfering with company's use of its servient estate. *Only Drabek appealed from the nisi prius ruling.* The Court of Appeals affirmed the trial court's decision. We granted certiorari sought by Drabek.

## II

### IF (AS DRABEK CLAIMS) DePLANCHE OWNS THE DOMINANT ESTATE IN THE REAL PROPERTY BURDENED BY THE EASEMENT IN ISSUE, SHE IS A NECESSARY PARTY DEFENDANT IN COMPANY'S SUIT TO DECLARE THE EASEMENT'S VALIDITY AND ITS BREADTH

When crafting equitable relief, the trial judge may not ignore the law's clear command. *Equity follows the law.*[7] Extant jurisprudence *teaches,* and due process *requires,* that before anyone's rights in real property may be affected in a judicial proceeding, that individual must be joined as a party defendant in the suit.[8] Here, the trial court concerned itself with the issues (1) whether a pipeline easement ceased being efficacious because it had been abandoned and (2) whether company's proposed use of existing pipelines (on the property in question) as a conduit for installing fiber optic telephone cable was within or *dehors* the scope of its easement. If DePlanche, as conceded below, holds the dominant estate, both of these issues clearly affect her rights in the land. She is hence to be regarded as a necessary party defendant in company's suit.

3. *See* company's supplemental brief, p. 2, for reference to its representation (*sans* record proof) that Drabek holds a one-half interest in the lands burdened by the easement in question.

4. Tr. transcript, p. 18.

5. Tr. transcript, p. 18.

6. Both company and Drabek concede (in their supplemental briefs in this court) that Drabek is the *sole* appellant herein.

7. "Where the rights of parties to an action are clearly defined and established by law, equity has no power to change or unsettle such rights. The maxims of equity may be invoked to protect an existing right, but are unavailable to create a right where none exist. Equity follows the law." *Phelan v. Roberts,* 182 Okl. 202, 77 P.2d 9, 12 (1938).

*See also In re Estate of Redwine,* Okl., 445 P.2d 275, 278 (1968); *Cantrell v. Marshall,* 200 Okl. 573, 197 P.2d 990, 994 (1947); *Sheldon v. Deal,* 196 Okl. 531, 166 P.2d 771, 774 (1946).

8. *Taylor v. Kirk,* 201 Okl. 111, 202 P.2d 420, 422 (1949).

## III

**THERE IS NO PAPER TRAIL THAT DePLANCHE VOLUNTARILY ENTERED HER APPEARANCE EITHER IN PERSON OR BY COUNSEL OR EVER APPOINTED DRABEK AS HER AGENT (OR ATTORNEY IN FACT) TO DEFEND AGAINST COMPANY'S SUIT**

### A

The record *does not* demonstrate either that (a) DePlanche was served with process or (b) either she, or some counsel on her behalf, entered her voluntary appearance in the case. The transcript (of the nisi prius hearing on the application for temporary injunction) shows that both Drabek and company's counsel agreed, as did the trial judge, that DePlanche "should" be made a party to the suit as the alleged holder of the fee in the affected land.[9] Nonetheless, there is nothing before us to indicate DePlanche ever made, *either* verbally or in writing, a voluntary appearance in the case, either in person or by some counsel who said he (or she) had authority to act for her.[10]

9. *See* trial transcript, p. 18.

10. *See* 5 O.S.1991 § 5, whose pertinent terms are:

"The court may, . . . on the showing of reasonable grounds therefor, require the attorney . . . for any one of the adverse parties, to produce or prove by his oath, or otherwise, the authority under which he appears. . . ."

11. *See Moran v. Loeffler–Greene Supply Company*, Okl., 316 P.2d 132, 137 (1957); *Westinghouse Elec. Corp. v. Kerr–McGee Corp.*, 580 F.2d 1311, 1316 (7th Cir.1978); *Nolan, supra* note 12 at 1129. *See also* L. RAY PATTERSON, LEGAL ETHICS: THE LAW OF PROFESSIONAL LIABILITY § 2.01 (1982).

12. When counsel enters an appearance for someone in an action, it is presumed that the lawyer is authorized to so act. *See* the pertinent terms of 5 O.S.1991 § 5, *supra* note 10. *Cummins v. Chandler*, 186 Okl. 200, 97 P.2d 765, 766 (1939) (the court's syllabus ¶ 1); *Nolan v. St. Louis & S.F.R. Co.*, 19 Okl. 51, 91 P. 1128 (1907).

13. Warren stated before the trial court that "[T]hey sued Mr. Drabek only. He is the hus-

### B

There is no record proof that DePlanche ever appointed either Warren (Drabek's counsel of record) as her lawyer or Drabek as her agent (or attorney in fact) for purposes of defending against company's suit. Courts have recognized that the attorney-client status is governed by general rules of agency.[11] If there had been some minimal record indicium of an attorney-client relationship between DePlanche and Warren, the trial court could have *presumed* that the latter was authorized to enter DePlanche's appearance.[12] The record contains no statement from Warren by which he professes to represent DePlanche.[13] When this court asked on certiorari who had brought the appeal in this cause, both Warren and company's lawyer identified *only* Drabek as the party appellant herein.[14]

Drabek *contends* (*sans* proof) that he is DePlanche's agent because he (a) is her husband, (b) once owned the property in question and (c) is familiar with the history of the easement whose terms are sought to be construed. Again, there are no sworn statements by Drabek[15] or any other evidence in the record which would establish his status as her agent. No findings were (or could be) made by the trial court about Dra-

band of Mrs. DePlanche, *she sits here.*" [Tr. transcript, p. 18] His statement cannot be imputed to DePlanche and made binding upon her in the absence of proof that he was then and there speaking as her lawyer. Any nisi prius ruling that Warren or Drabek is DePlanche's agent must be rested either on evidence or on stipulated facts, and not on the unsworn statements of a forensic advocate for another person. *See State ex rel. Okl. Bar Ass'n v. Lacoste*, Okl., 813 P.2d 501, 506 (1991) (Opala, J., dissenting).

14. *See* Drabek's supplemental brief, p. 2, and company's supplemental brief, p. 4.

15. The existence of a pretended agent's authority cannot be established by the agent's statements alone. *Jones v. World Publishing Company*, Okl., 512 P.2d 124, 126 (1973); *Norton v. Harmon*, 192 Okl. 36, 133 P.2d 206, 210 (1942); *Love v. Williams*, 169 Okl. 621, 37 P.2d 944, 945 (1934) (the court's syllabus ¶ 1); *Winnebago State Bank v. Hall*, 127 Okl. 215, 260 P. 497, 499 (1927). *See also Bird v. Insurance Store, Inc.*, 572 So.2d 394, 397 (Ala.1990); *Western Fertilizer and Cordage Co., Inc. v. BRG, Inc.*, 228 Neb. 776, 424 N.W.2d 588, 594 (1988).

 

bek's authority to represent DePlanche as her attorney in fact. We are left to mere conjecture that DePlanche authorized Drabek to represent her in this litigation. *From silence alone* the parties would have us conclude that the trial court had *in personam* jurisdiction over DePlanche. This notion we must reject.

## IV

## SUMMARY

 If a proceeding is likely to affect adversely someone's interest, that person is a necessary party defendant in the suit. Although both company and Drabek would have us gloss over a fatal due process defect, we must hold that the trial court did not have *in personam* jurisdiction over DePlanche, who, if Drabek is correct, owns the dominant estate in contest.[16] The record, which discloses no service of process on DePlanche, falls short of establishing her voluntary appearance in the case. It does not show that Warren (Drabek's counsel) did represent her at nisi prius or was authorized to represent her either there or in the Court of Appeals. These deficiencies make facially void the court's implicit resolution that adversely affects DePlanche's represented interest in the dominant estate which is subject to the contested easement. To the extent that the trial court undertook to settle the breath-of-easement issue or to otherwise affect DePlanche's interest in the dominant estate, the temporary injunction under review clearly is *coram non judice.*[17] It must be reversed.

The interlocutory order is affirmed *only* insofar as it enjoins any further interference with the company's claimed interest in its easement by Drabek—a self-declared stranger to the dominant estate who offered no proof of his status as co-owner or as DePlanche's agent (or attorney in fact).

If DePlanche indeed owns an interest in the land burdened by the easement to be construed, she must be made a party defendant to the suit. On certiorari previously granted,

THE COURT OF APPEALS' OPINION IS VACATED; THE DECISION OF THE DISTRICT COURT IS REVERSED IN PART AND AFFIRMED IN PART; AND THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH TODAY'S PRONOUNCEMENT.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, OPALA, and WATT, JJ., concur;

SIMMS and HARGRAVE, JJ., concur in part and dissent in part;

HODGES and SUMMERS, JJ., dissent.

SUMMERS, Justice, with whom HODGES, Justice, joins, dissenting.

I would deny certiorari.

**16.** It is this court's duty to inquire *sua sponte* not only into its own jurisdiction but also into the cognizance of the court whence the case came by appeal or on certiorari. *Lincoln Bank and Trust v. Tax Com'n,* Okl., 827 P.2d 1314, 1318 n. 14 (1992); *Fields v. A & B Electronics,* Okl., 788 P.2d 940, 941 (1990); *Hall v. Edge,* Okl., 782 P.2d 122, 124 (1989); *Baylis v. City of Tulsa,* Okl., 780 P.2d 686, 688 (1989); *April v. City of Broken Arrow,* Okl., 775 P.2d 1347, 1355 (1989); *Snyder v. Smith Welding & Fabrication,* Okl., 746 P.2d 168, 171 (1986); *Luster v. Bank of Chelsea,* Okl., 730 P.2d 506, 508 (1986); *Matter of Initiative Petition Filed Nov. 15, 1983,* Okl., 718 P.2d 1353, 1354 (1986); *Cate v. Archon,* Okl., 695 P.2d 1352, 1356 n. 12 (1985); *Spain v. Kernell,* Okl., 672 P.2d 1162, 1164–1165 (1983); *Woods Petroleum Corp. v. Sledge,* Okl., 632 P.2d 393, 394

(1981); *Pointer v. Hill,* Okl., 536 P.2d 358, 361 (1975); *Hayhurst v. Hayhurst,* Okl., 421 P.2d 257, 260 (1966); *Mid–Continent Pipe Line Co. v. Wilkerson,* 200 Okl. 335, 193 P.2d 586, 588 (1948); *Harber v. McKeown,* 195 Okl. 290, 157 P.2d 753, 754 (1945); *Bryan v. Seiffert,* 185 Okl. 496, 94 P.2d 526, 531–532 (1939).

**17.** A case is said to be *coram non judice* when the court in which it is brought *has no jurisdiction to settle the dispute.* BLACK'S LAW DICTIONARY at 305 (5th ed. 1979). *See Goldman v. Goldman,* Okl., 883 P.2d 164, 166 (1994); *Board of Law Library Trustees v. State,* Okl., 825 P.2d 1285, 1291 (1991); *Kernell, supra* note 16 at 1164–1165; *Seiffert, supra* note 16 at 531–532 (the court's syllabus ¶ 6).