Question Submitted by: The Honorable Scott C. Martin, State Representative, District 46
2014 OK AG 1
Decided: 01/13/2014
Oklahoma Attorney General Opinions

Cite as: 2014 OK AG 1, __ __

 

Â¶0 This office has received your request for an official Attorney General 
Opinion in which you ask, in effect, the following question:
Are audio 
recordings of state district court proceedings subject to disclosure under the 
Oklahoma Open Records Act, 51 O.S.2011 & Supp.2013, Â§Â§ 
24A.1 - 24A.29?
Â¶1 We have learned through research and conversations 
that the specific records about which you inquire are tape recordings of 
district court proceedings that have been filed with a district court clerk. We, 
therefore, analyze your request in that context, and conclude that sound 
recordings of court proceedings filed with or kept in the custody of a district 
court clerk are open records unless they are properly sealed by court order or 
specifically exempted from disclosure by law.

I.
The Open Records Act
Â¶2 The Oklahoma Open Records Act ("Act") makes 
unequivocal the policy of the State of Oklahoma to make most records of public 
bodies open for public inspection or copying. The Act specifically provides as 
follows:


[I]t is the public policy of the State of 
Oklahoma that the people are vested with the inherent right to know and be fully 
informed about their government. The Oklahoma Open Records Act shall not create, 
directly or indirectly, any rights of privacy or any remedies for violation of 
any rights of privacy; nor shall the Oklahoma Open Records Act, except as 
specifically set forth in the Oklahoma Open Records Act, establish any 
procedures for protecting any person from release of information contained in 
public records. The purpose of this act is to ensure and facilitate the 
public's right of access to and review of government records so they may 
efficiently and intelligently exercise their inherent political power. 
The privacy interests of individuals are adequately protected in the specific 
exceptions to the Oklahoma Open Records Act or in the statutes which authorize, 
create or require the records. Except where specific state or federal 
statutes create a confidential privilege, persons who submit information to 
public bodies have no right to keep this information from public access nor 
reasonable expectation that this information will be kept from public 
access; provided, the person, 
agency or political subdivision shall at all times bear the burden of 
establishing such records are protected by such a confidential 
privilege.


51 O.S.2011, Â§ 24A.2 (emphasis added) 
(footnote omitted).
Â¶3 For the purposes of the Act, a record is defined as:


[A]ll documents, including, but not limited to, any book, paper, photograph, 
microfilm, data files created by or used with computer software, computer tape, 
disk, record, sound recording, film recording, video record or 
other material regardless of physical form or characteristic, created by, 
received by, under the authority of, or coming into the custody, control or 
possession of public officials, public bodies, or their representatives in 
connection with the transaction of public business, the expenditure of public 
funds or the administering of public property.


Id. Â§ 24A.3 (emphasis added).
Â¶4 A public body, as defined by the Act, includes, but is not limited to:


[A]ny office, department, board, bureau, commission, agency, trusteeship, 
authority, council, committee, trust or any entity created by a trust, county, 
city, village, town, township, district, school district, fair board, 
court, executive office, advisory group, task force, study group, 
or any subdivision thereof, supported in whole or in part by public funds or 
entrusted with the expenditure of public funds or administering or operating 
public property, and all committees, or subcommittees 
thereof.


Id. Â§ 24A.3(2) (emphasis added). A public official, under the Act, 
includes "any official or employee of any public body" Id. Â§ 
24A.3(4).
Â¶5 We have previously held that the offices of court clerks are public bodies 
as defined in the Open Records Act. See A.G. Opin. 99-58, at 282. We have 
also held that a court clerk is a public official as defined in the Open Records 
Act. See A.G. Opin. 09-27, at 187. Finally, a court is expressly defined 
as a public body in the Open Records Act. 51 O.S.2011, Â§ 24A.3(2).

II.
Records maintained by a court clerk
Â¶6 In all state courts of record, the court clerk "shall keep the records and 
books and papers appertaining to the court and record its proceedings." 12 
O.S.2011, Â§Â§ 33-34. The court record for a specific proceeding consists of "the 
petition, the process, return, the pleadings subsequent thereto, reports, 
verdicts, orders, judgments, and all material acts and proceedings of the 
court[.]" 12 O.S.2011, Â§ 
32.1. This record is also referred to as a "judgment roll." See Chickasaw 
Tel. Co. v. Drabek, 921 P.2d 333, 334 n.2 (Okla. 1996). However, the 
records maintained by court clerks are not limited to the "judgment roll" in any 
particular action. Court clerks may also maintain "other records as may be 
ordered by the court or required by law." 12 O.S.2011, Â§ 22.
Â¶7 Oklahoma's state and federal courts have consistently held that documents 
filed of record in court proceedings are public records subject to disclosure 
under both common law and Oklahoma's Open Records Act. See Nichols v. 
Jackson, 55 P.3d 
1044, 1046 (Okla. 2002); Search of 1638 E. 2nd St., Tulsa, Okla. v. United 
States, 993 F.2d 773, 775 (10th Cir. 1993); see also A.G. Opin. 
99-58, at 285 (determining that once records are filed with a court clerk, they 
must ordinarily be made available for public inspection and copying at the 
office of the court clerk). Moreover, even where a document is not filed of 
record in a court proceeding but is otherwise received by, maintained under the 
authority of, or comes into the custody, control or possession of a court clerk 
(a public official), or the office of a court clerk (a public body), it is still 
a "record" and subject to the disclosure requirements set forth in the Open 
Records Act. 51 O.S.2011, Â§Â§ 
24A.3, 24A.5. However, the public's right to access such records is not 
absolute. See A.G. Opin. 09-12, at 75 (stating that a record as defined 
by the Act "is subject to disclosure unless some provision of law allows it to 
be kept confidential"). Specifically, the Open Records Act exempts records 
protected by privilege or otherwise deemed confidential by state or federal 
statute or sealed by court order. In re Search of 1638 E. 2nd St., Tulsa, 
Okla., 993 F.2d at 775; Nichols v. Jackson, 38 P.3d 228, 231 (Okla. Crim. App. 2001); see also 
51 O.S.2011, Â§Â§ 
24A.2, 24A.5(1). Specific procedures are in place at Sections 24A.25[1] and 24A.29 for 
withholding or removing of pleadings or other material from a public 
record.

III.
Electronic Recordings of Court 
Proceedings Maintained by a Court Clerk 
Â¶8 Audio or sound recordings of court proceedings may be made upon order of a 
court pursuant to 20 O.S.2011, Â§ 
106.4(A), that states, "[i]n any trial, hearing or proceedings, the judge 
before whom the matter is being heard may, unless objection is made by a party 
or counsel, order the proceedings electronically recorded." Id. 
Thereafter, such recordings may be filed with or maintained by a court clerk 
pursuant to 12 O.S. 2011, Â§Â§ 
22, 32.1. Notably, "sound recording[s] Â created by, received by, under the 
authority of, or coming into the custody, control or possession of public 
officials, public bodies, or their representatives in connection with the 
transaction of public business, the expenditure of public funds or the 
administering of public property" are expressly defined as public records in the 
Open Records Act. 51 O.S.2011, Â§ 24A.3(1). Accordingly, sound 
recordings of court proceedings filed with or maintained by a court clerk are 
open records.
Â¶9 In Fabian & Associates v. State ex rel. Department of Public 
Safety, 100 P.3d 
703 (Okla. 2004), the Oklahoma Supreme Court examined the issue of whether 
an audio tape recording of an administrative hearing was an open record. 
Although the tape recording was made pursuant to a statute governing 
administrative hearings as opposed to district court hearings, the Supreme Court 
noted that a record, as defined by the Open Records Act, was "broad enough to 
include any method of memorializing information . . . either 
created or received by the public bodies and public officials as defined in the 
act." Id. at 705 (emphasis added). Pursuant to this analysis, an audio 
recording of a district court proceeding that is filed with or maintained by a 
court clerk is an open record. As always, however, such records may be exempt 
from disclosure when properly sealed by a court order or if they are otherwise 
deemed confidential or privileged as a matter of law. See 
51 O.S.2011, Â§Â§ 
24A.2, 24A.5(1).



Â¶10 It is, therefore, the official Opinion of the Attorney General that:
Audio recordings of court proceedings filed with or maintained by court 
clerks are public records and are subject to disclosure under the Oklahoma Open 
Records Act unless they are properly sealed by court order or specifically 
exempt from disclosure by law. 51 O.S.2011 & Supp.2013, Â§Â§ 
24A.1 - 24A.29; Fabian & Assoc. v. State ex rel. Dep't of Pub. 
Safety, 100 P.3d 
703, 705 (Okla. 2004).


E. SCOTT PRUITT
Attorney General of Oklahoma 
Kari Y. Hawkins
Assistant Attorney General 

FOOTNOTES
[1] "Any order of the court for 
removal of materials from the public record shall require compliance with the 
provisions of paragraphs 2 through 7 of subsection C of Section 3226 of Title 12 
of the Oklahoma Statutes." Id.




 CitationizerÂ© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases

Â 
Cite
Name
Level



Â 
2001 OK CR 35, 38 P.3d 228, 72 OBJ 3717, 
NICHOLS v. JACKSON
Cited

Oklahoma Supreme Court Cases

Â 
Cite
Name
Level



Â 
2002 OK 65, 55 P.3d 1044, 
NICHOLS v. JACKSON
Cited


Â 
2004 OK 67, 100 P.3d 703, 
FABIAN & ASSOCIATES, P.C. v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed


Â 
1996 OK 76, 921 P.2d 333, 67 OBJ 2232, 
Chickasaw Telephone Co. v. Drabek
Cited

Title 12. Civil Procedure

Â 
Cite
Name
Level



Â 
12 O.S. 22, 
District Court Clerk Shall Keep Certain Records
Discussed


Â 
12 O.S. 32.1, 
Contents of Record
Cited

Title 20. Courts

Â 
Cite
Name
Level



Â 
20 O.S. 106.4, 
Methods and Duties of Court Reporter
Cited

Title 51. Officers

Â 
Cite
Name
Level



Â 
51 O.S. 24A.3, 
Definitions
Discussed at Length


Â 
51 O.S. 24A.1, 
Short Title
Discussed


Â 
51 O.S. 24A.2, 
Political Power - Public Policy and Purpose of Act
Discussed at Length