STATE BOARD OF BARBER EXAMINERS v. NORMAN.

No. 31035. April 6, 1943.

*136 P. 2d 202.*

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for plaintiff in error.

Chester Norman, of Muskogee, and Hugh Bland, of Ft. Smith, Ark., for defendant in error.

BAYLESS, J. W. F. Norman filed an action in the common pleas court of Oklahoma county against State Board of Barber Examiners seeking to recover a money judgment for services rendered as an inspector and expenses incurred. The case was tried to the court without a jury, and when judgment was rendered in favor of Norman for the amount sued for, the board appealed.

Norman alleged he was duly appointed as inspector by the board, and so testified and supported his testimony by introducing in evidence a written appointment, dated September 11, 1939, signed by the secretary of the board.

The first contention of the board is that the appointment was unauthorized and void. Board points to 59 O. S. 1941 § 83, and asserts that by virtue thereof the inspection service was to be performed by the county health officers. Norman calls attention to 59 O. S. 1941 § 78, as the basis for authority of the board to appoint him. This last-cited section reads in part: "The said board . . . shall have authority to hire inspectors in such numbers as they may deem advisable and as funds are available . . . Such inspection shall be in addition to the inspections by the county health officers . . ." We are of the opinion the board had authority to hire Norman.

However, we are of the opinion that Norman's own testimony and the evidence as a whole clearly show his appointment was void.

He testified that he acted by virtue of the commission signed by the secretary of the board, and that the claim filed with the board for compensation and reimbursement of expenses "repre-

322

sent a fair statement of the services rendered and the expenses incurred" under the terms of his employment. He nowhere testified as to what the agreement was about his compensation. The minutes of the board are entirely silent about his employment, and contain only the minutes dispensing with his services "if for any reason he has been led to believe he has been employed." The evidence is not in conflict that the secretary of the board made the appointment on his own initiative, that the board was not consulted on the matter, and the board did not formally employ him.

The rule in this state is that where a board is vested with authority to employ help or make similar contracts, the board as an entity must act, and the act of one member purporting to act for the board is not sufficient. Ryan v. Humphries, 50 Okla. 343, 150 P. 1106; School District v. Shelton, 26 Okla. 229, 109 P. 67; Board of County Com'rs v. Enid, 116 Okla. 249, 244 P. 426, and other cases. Under this rule there was no employment in this case, and the judgment cannot stand.

Other legal objections to the validity of the judgment are urged by board, but our ruling on the above issue makes it needless to discuss them.

The judgment of the trial court is reversed and the cause is remanded.

CORN, C. J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents.