STATE ex rel. COM'RS of LAND OFFICE v. FRAME et al.

No. 33106.    Nov. 3, 1948.

*199 P. 2d 215.*

Lonnie L. Corn, Richard A. Jackson, Floyd Wheeler, and T. J. Lee, all of Oklahoma City, for plaintiff in error.

C. C. Wilkins, of Marietta for defendants in error.

BAYLESS, J.    The State of Oklahoma on relation of the Commissioners of the Land Office, hereinafter referred to as plaintiff, filed this action in the district court of Love county against Geraldine Coleman Frame and Paul S. Frame, hereinafter referred to as defendants, seeking a personal judgment against said defendants upon a promissory note executed by said defendants and for the foreclosure of a real estate mortgage securing said note.

On September 25, 1943, the trial court rendered judgment against said defendants, from which judgment defendants appealed to this court, and we reversed said cause upon the ground that defendants had been denied their right to a trial by jury. See Frame v. State ex rel. Com'rs of Land Office, 196 Okla. 292, 164 P. 2d 865.

Thereafter the cause was tried before said court with a jury and judgment of this court, based on the verdict of the jury, was in favor of defendants, from which judgment plaintiff brings this appeal.

We held in the first appeal that the effect of defendants' answer was to plead an accord and satisfaction and that they were entitled to a jury trial. At the second trial defendants admitted the execution of the note and mortgage, but alleged that the obligation had been paid or settled by the execution and delivery to plaintiff of a warranty deed which plaintiff accepted in full settlement of the obligation, and that plaintiff retained said deed. To which plea plaintiff filed a general denial.

The record concerning the accord and satisfaction discloses substantially the following facts:

The note was past due and the defendant Paul S. Frame was contacted sometime in 1938 by a field man representing the plaintiff concerning payments on the note. One of said defendants thereafter wrote to plaintiff offering to deed said property to plaintiff in settlement of said loan. Thereafter plaintiff, through its secretary by letter, advised said defendants that it could not accept said deed in settlement of the loan. Thereafter Paul S. Frame testified he made a trip to Oklahoma City and made an agreement with the secretary of plaintiff to accept a deed in full settlement of the claim, and that after said agreement was made he returned to Oklahoma City and delivered said deed to the secretary of plaintiff and was advised by the secretary that it was accepted in full settlement of the debt. Frame further testified that shortly thereafter Balthrop, a representative of plaintiff, contacted him with reference to securing possession of the land involved and that he delivered possession of the land to Balthrop; that this occurred prior to the time Balthrop was appointed receiver of said land; that Balthrop as receiver did rent the land and had had possession of the land at all times since the execution of the deed as receiver. Balthrop testified he did not do anything with reference to the land until he was appointed receiver. The deed remained in the possession of plaintiff from the date of its execution in 1938 until the trial in 1946. Defendants did not talk to any member of the School Land Commission at any time. The records of plaintiff do not disclose an agreement between it and defendants. There was no written evidence of an agreement between plaintiff and defendants.

For reversal plaintiff asserts in its second proposition:

"The Secretary of the Commissioners of the Land Office has no authority to accept a warranty deed in settlement of a mortgage indebtedness due the state; and the Commissioners of the Land Office of the State of Oklahoma is the only party which has the power to accept a warranty deed in settlement of a mortgage indebtedness and to release said mortgage."

In support of his second proposition plaintiff cites Const. art. 6, §32, which provides:

"The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the state, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature."

Plaintiff also cites 64 O.S. 1941 § 1, which provides:

"The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under the rules and regulations prescribed by the Legislature."

With reference to the right of plaintiff to accept a warranty deed in settlement and satisfaction of a mortgage indebtedness, plaintiff cites 64 O. S. 1941 §59, which provides:

" . . . In the event the borrower or owner does not have adequate security to justify such rewriting of the indebtedness, the Service Division may, and it is hereby authorized to accept both chattel and real estate collateral in consideration of giving a borrower or owner reasonable extensions of time in which to reduce the indebtedness to the point that would justify the rewriting thereof. In cases where the Service Division deems that no redemption is possible, the Commissioners of the Land Office are hereby authorized to cause the immediate foreclosure of such

mortgages provided, however, that in such cases the Commissioners of the Land Office are authorized to accept warranty deeds in settlement of such mortgage indebtedness, unless a foreclosure is necessary to clear the title to the lands securing such indebtedness."

The records of plaintiff introduced in evidence disclose that the service division of plaintiff recommended in its report that a deed be not accepted and that foreclosure proceedings be instituted.

64 O. S. 1941 §154 provides:

"A permanent minute record shall be kept of all proceedings had by the Commissioners of the Land Office. No action of the Commissioners of the Land Office shall be valid unless voted by at least three members. No action heretofore taken, or which may hereafter be taken by the Commissioners of the Land Office, may be rescinded except by unanimous vote of the full membership of the Board of Commissioners of the Land Office. The Commissioners of the Land Office shall approve the minutes of each Board meeting at the next succeeding meeting, and the Attorney for the Department shall prior to each Board meeting certify to the validity of the proceedings taken by the Commissioners of the Land Office at their last preceding meeting."

The proof discloses that no record was ever made of the acceptance of a deed from defendants, and the record is silent as to any consideration given to a proposed settlement by the Commission. The record is silent as to why the deed was retained by plaintiff, although the attorney for plaintiff testified:

"I expect that would just be charged up to carelessness of some employee of the Commissioners of the Land Office, that is just a guess."

The general rule as to the powers of public officers is stated in 59 C. J. 172, as follows:

"Public officers have and can exercise only such powers as are conferred on them by law, and a state is not bound by contracts made in its behalf by its officers or agents without previous authority conferred by statute or the Constitution, unless such authorized contracts have been afterward ratified by the Legislature. . . ."

See, also, 59 C. J. 171; Scribner's Sons v. Marrs (Tex.) 262 S. W. 722. In Smith v. State Industrial Accident Com. (Ore.) 23 P. 2d 904, it is said:

" . . . those who deal with state officers are bound to know extent of their authority. The state cannot be estopped by the unauthorized acts of its officers."

See, also, Campbell Building Co. v. Road Commission (Utah) 70 P. 2d 857. In State Board of Barber Examiners v. Norman, 192 Okla. 321, 136 P. 2d 202, we held:

"The rule in this state is that where a Board is vested with authority to employ help or make similar contracts, the Board as an entity must act, and the act of one member purporting to act for the Board is not sufficient. . . ."

Defendants in effect contend that plaintiff, by retaining the deed and taking possession of the land, should not now be heard to urge that such settlement should not be recognized, and they further contend that this court has passed on the controversy in Frame v. State ex rel. Com'rs of Land Office, supra.

We think plaintiff's retention of the deed over a period of years was improper, but under the foregoing authorities we do not think plaintiff was bound by the unauthorized acts of its secretary, nor do we think plaintiff is estopped by its action in retaining the deed.

The first appeal was based solely on the procedural question of the right of trial by jury. The answer in the former appeal alleged a settlement, and the facts pertaining to the settlement were not pleaded in detail.

The authority to make a settlement was lodged in the commission, and the secretary had no power to bind plaintiff by his actions.

The Legislature prescribed a method of settlement, and we think that this

method is exclusive and that it was incumbent upon defendants to show that the proposed settlement was approved by the commission. When they failed to so show, their defense failed.

The cause is therefore reversed and remanded, with directions to order the plaintiff to return the deed to defendants, or that said deed be canceled and to proceed in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.