BOARD OF COUNTY COMMISSIONERS OF CREEK COUNTY, State of Oklahoma, Appellee,

v.

CREEK COUNTY RURAL WATER DISTRICT NO. 2, Appellant.

No. 82891.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 29, 1994.

As Corrected Jan. 25, 1995.

Steven M. Harris and Randall T. Duncan, Tulsa, for appellant.

Lantz McClain, Sapulpa, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

This appeal addresses the question of who should pay for the relocation of water lines owned by Creek County Rural Water District No. 2 in connection with a Creek County bridge project, the water district or the county. The appeal concerns questions of statutory construction of dueling legislation and a 20 year old resolution of the Creek County Board of County Commissioners.

In 1965 at a meeting of the Board of County Commissioners of Creek County, (County), the Commissioners passed a resolution based on an application of the Water District for permission to install a water line system to serve certain rural homes in Creek county. All three commissioners signed the resolution which stated:

> WHEREAS Applicant has agreed to keeping said lines and their appurtenances in good repair at all times and to remove said lines at its own expense when such removal is necessary for the maintenance, repair or widening of the roads and to comply with all rules and regulations of the Board of County Commissioners and the laws of the State of Oklahoma in the laying and maintenance of said pipelines, and it appears that said application should be approved and permission granted as requested.

The resolution does not reflect that Water District approved the agreement and it is not signed by any person representative of Water District. However, Water District did construct its lines.

In June of 1993, County filed a petition based on this resolution alleging it was engaged in improving the road by placing a new bridge across Skull Creek and that it was necessary that Water District move its lines to accomplish this. County further alleged it requested Water District to move the lines but that it refused to do so. It prayed for a permanent injunction directing Water District to move the lines at Water District's expense.

Water District answered suggesting the resolution was a unilateral resolution not ratified by Water District in any way. It claimed County had no authority to create such an agreement and thus it had no binding effect on Water District, a state agency. It also argued County was proposing to build a completely new bridge in a new location and that relocation was not "necessary for

the maintenance, repair or widening of any existing road." It further alleges the statutes of Oklahoma control over and supersede any conflicting County resolution. It states it has agreed to move its lines if County bears the cost.

Without findings of fact and conclusions of law, the trial court entered judgment for County ordering Water District to relocate the water lines and to bear the expense of the relocation. Water District appeals. to this Court.

On appeal, Water District directs our attention to Title 69 covering Roads, Bridges and Ferries. 69 O.S.1991 § 661(A), part of the County Bridge Improvement Act, provides:

.. Right-of-way acquisition and utility relocation shall be the responsibility of the county in which the project is located..

69 O.S.1993 § 656(F), dealing with bridge or construction projects on county primary road system, provides:

The county shall be responsible for the acquisition of all rights-of-way required to construct the project including relocation assistance payments and the *costs associated with necessary utility relocations* or adjustments ... (emphasis supplied)

On the other hand, County points to Article 14 of Title 69 dealing with Public Utilities. Section 1403 of that article deals with Public utilities on state highways—Location and removal. Section 1403(a) provides:

The location and removal of all telephone, telegraph, electric light and power transmission lines, poles, wires and conduits, water, sewers and all pipelines erected, constructed or in place upon, across or under any state highway shall be under the control and supervision of the (Highway) Commission; and the location and removal or any facility placed under rights granted hereunder on county highways shall be under the jurisdiction of the particular board of county commissioners insofar as same affects the public travel or interferes with the construction and maintenance of such highway.

Section 1403(c) provides:

The removal and relocation of all such facilities shall be made at the cost and expense of the owners thereof, *unless otherwise provided by law* or order of the Commission, and in the event of the failure of such owners to remove the same at the time set out in the notice, they may be removed by such public authority and the cost thereof collected from such owners, and such authority shall not be liable in any way to any person for the locating or relocating of such facilities at the places prescribed.... (emphasis supplied)

County claims this statute gives it the right to require Water District to move the water lines at Water District's expense.

Water District counters this argument by emphasizing it is not a *public* utility, and thus § 1403 does not apply. It claims § 1403 limits its application to *public* utility lines placed under rights granted by Title 69. Water District does not derive its rights nor place its lines pursuant to Title 69. Rather, Water District has independent authority under Title 82 to locate its water lines. In addition, it stresses, the project is not a highway project but rather a county bridge project.

Water District further calls our attention to the Rural Water, Sewer, Gas and Solid Waste Management Districts Act, 82 O.S. 1991 § 1324.1 et seq. Section 1324.10 allows *water districts* to use the roads, streets, highways, etc. of the state or any political subdivision. *Public Utilities*, on the other hand derive their rights to place lines or facilities through Title 69.

In addition 17 O.S.1991 § 151 defines the term Public Utility. It specifically exempts water districts. Section 151(d) provides:

.. Provided further that a corporation organized and existing not for profit pursuant to Title 18 of the Oklahoma Statutes, §§ 851–863 but for the purpose of developing and providing rural water supply and sewage disposal facilities to serve rural residents shall not be declared a public utility under this act..

18 O.S.1991 § 863 provides that a corporation organized not for profit for the purpose of developing and providing rural water supply shall be exempt from all excise taxes of

whatsoever nature and shall be exempt from payment of assessments in any general or special taxing district levied upon the property of the corporation. Water District points to 69 O.S. § 1403(e) as reflecting the intent of the Legislature to exempt water districts from its coverage. Section 1403(e) states:

*Rural water districts*, nonprofit water corporations, and municipal public water systems in municipalities with a population of ten thousand (10,000) or less, according to the latest Federal Decennial Census, or their beneficial trusts shall be exempt from the payment of the costs and expenses of the removal and relocation of water and sewer pipelines and all such facilities constructed or in place in the public right-of-way when the removal and relocation of such facilities is necessary for the improvement, construction or reconstruction of any road or highway which is part of the state highway system ... (emphasis supplied)

But, says County, this construction is not a part of the "state highway system", but rather the county highway system. 69 O.S.1991 § 501(a) provides:

The highway system of the State of Oklahoma shall be divided into two classes, to-wit: State Highway System and County Highway System....

County claims the exemption is only for state roads, while Water District claims both county and state roads make up the state highway system. However; the water lines are located on a closed section line where they cross Skull Creek, not on a county highway. Section 1403 pertains to location and removal of a facility on county highways. County calls our attention to 69 O.S.1991 § 1201. That section states:

All section lines in the state which are opened and maintained by the board of county commissioners or the Department of Public Highways for public use are hereby declared public highways.

County admits, however, that although the section line has been in continuous use since 1926 for an electric line, it has never had a road built on it.

In its brief, County admits statutory authority is silent on who pays the costs of water line relocation when a governmental entity is relocating a county bridge or road and a rural water district owns the water line.

▮▮▮  Reading the above statutes together, we find no legislative intent to require a rural water district to move its lines at its own expense under circumstances such as present here. Where possible, relevant portions of a statute and related enactments will be considered together to give force and effect to all of them. *Clifton v. Clifton*, 801 P.2d 693 (Okla.1990). Legislative acts are to be construed in such a manner as to reconcile different provisions and render them consistent and harmonious and give intelligent effect to each. *Eason Oil Co. v. Corporation Commission*, 535 P.2d 283 (Okla.1975). Consistent with our rules of statutory construction, we will not dissect each of the above enactments to determine its isolated intent. Rural water districts are created by statute and are thus controlled by the protection given to them by these statutes. We hold the related statutes do not authorize a county to require a water district to move its lines for the purpose of relocating a bridge for a county project.

▮ Now we turn to the effect of the County resolution passed in 1965. Water District alleges it has no record of any agreement made with County as a basis for the resolution. It claims it is thus not bound even though it did indeed build the water lines. County claims it is a "memorandum of an agreement" but produces no agreement. Assuming without deciding that the agreement is enforceable, we find it does not cover the present project. The resolution addresses Water District's removal of its water lines whenever necessary for the "maintenance, repair or widening of roads." The Skull Creek Bridge Project does not involve the maintenance, repair or widening of a road, but rather the creation of a new bridge at a new location. Accordingly, under the resolution, Water District is not required to move its lines.

REVERSED.

CARL B. JONES and HUNTER, JJ., concur.