2002 OK 65

**Terry Lynn NICHOLS,**
**Defendant/Petitioner,**

v.

**The Honorable Niles L. JACKSON, Presiding Administrative Judge, District Court of Oklahoma County, Respondent.**

No. 96,609.

Supreme Court of Oklahoma.

June 27, 2002.

### ORDER

¶1 On consideration of the defendant/petitioner's, Terry Lynn Nichols (Nichols), application and petition to assume original jurisdiction and to issue a writ of mandamus and his subsequently filed motion to continue to seal the record and/or to selectively seal portions of the record and the responses thereto, THE COURT DETERMINES:

1) The Court Fund of Oklahoma County (Court Fund) consists of fees, fines and forfeitures collected by the Court Clerk of Oklahoma County. The Court Fund is to be utilized in defraying the expenses of holding court. Title 20 O.S.2001 § 1301.

2) Collections deposited in the Court Fund have generally been derived from the following activity sources: civil—8.3%; divorce—3%; felony—20%; juvenile—1.6%; licenses (marriage & bingo)—4.7%; miscellaneous—.8%; misdemeanor—15%; small claims—3%; probate & adoption—.6%; traffic—43.9%.

3) Claims against the Court Fund are limited to expenses lawfully incurred for the operation of court and include attorney's fees for indigents in the trial court and on appeal. Payment of such expenses may be made only following approval by the district judge who is a member of the governing board of the court fund and either the local court clerk or the local associate district judge who is a member of the governing board. Title 20 O.S.2001 §§ 1302 and 1304.

4) When a conflict of interest arises between a defendant and the public defender, the case may be reassigned by the court to another county indigent defender, an attorney who represents indigents pursuant to contract, or a private attorney who has agreed to accept such appointments. Title 19 O.S.2001 § 138.7.

5) In September of 1999, members of the Court Fund Board and the Court Clerk of Oklahoma County executed a Memorandum of Understanding relating to the projected expenditures associated with the defense costs in the Nichols' cause. The Memorandum of Understanding was not executed by either the Administrative Director of the Courts or by the Chief Justice of the Oklahoma Supreme Court.

6) On September 23, 1999, Robert A. Ravitz (Ravitz/Public Defender), with the authority of the Court Fund Board "through practice and procedure," contracted with Brian T. Hermanson (Hermanson) to represent Nichols as a conflict defense attorney.

7) No constitutional, statutory or other authority exists for the Public Defender, who has been excused from representation because of a conflict of interest, to contract on behalf of the Court Fund Board with a conflict defense attorney, the assignment of which is left to the appointing court. Title 19 O.S.2001 § 138.7.

8) Persons dealing with public officers are bound to know the extent of their authority. *State ex rel. Comm'rs of Land Office v. Frame*, 1948 OK 240, ¶15, 199 P.2d 215. Contracts of public

officials entered without constitutional, statutory or other authority are void. See, *Bannister v. Farmers Alliance Mutual Ins. Co.*, 1981 OK 67, ¶ 7, 630 P.2d 1279; *State ex rel. Comm'rs of Land Office v. Frame*, supra; *Lingo–Leeper Lumber Co. v. Carter*, 1932 OK 735, ¶ 0, 17 P.2d 365.

9) The contract entered between the Public Defender and Hermanson is void.

10) Hermanson, as Nichol's counsel, is entitled to a reasonable fee consistent with the teachings of *State v. Lynch*, 1990 OK 82, 796 P.2d 1150. Based on the finding of the presiding judge and the facts herein, we also find the fees and expenses heretofore paid to Hermanson to be reasonable and are approved per *quantum meruit*. The same standards should be applicable for a determination in the computation of any future fees.

11) There is a presumption of openness in criminal proceedings. *Press–Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 106 S.Ct. 2735, 2740, 92 L.Ed.2d 1 (1986).

12) In recognition of the expressed public policy supporting the electorate's right to be fully informed, the Oklahoma Legislature enacted the Oklahoma Open Records Act (Open Records Act), 51 O.S.2001 § 24A.1 *et seq.* See specifically, 51 O.S.2001 § 24A.2. Although the definition of "public body" contained within the Open Records Act does not encompass judges or Justices generally, the Act's definition of "records" does include documents filed of record in court proceedings. Title 51 O.S. 2001 § 24A.3(1) and (2). *Nichols v. Jackson*, 2001 OK CR 35, ¶ 9, 38 P.3d 228.

13) On September 20, 2001, pursuant to powers conferred by the Okla. Const. Art. 7, § 4, the Court certified the question of whether Nichols' request to withhold records from the public purview should be upheld. The Court of Criminal Appeals answered the question certified determining that *carte blanche* closure of fee records or the sealing of all records filed with this Court is unnecessary to protect Nichols' constitutional right to a fair trial. *Nichols v. Jackson*, supra at ¶¶ 21–22, supra.

14) In consideration of the constitutional rights of the criminal defendant, the answer certified by the Court of Criminal Appeals in *Nichols*, supra, the general right of the public to know recognized by the Open Records Act, the acknowledgment that records of money budgeted for and paid in Nichols' defense have been a matter of public record since the date of the first payment in October of 1999, records relating to fees and expenditures of Nichols' defense should be selectively sealed.

15) Nichols has requested and the respondent does not object to the sealing of the following specific documents: a) paragraphs 12g and 12h of the Findings of Fact, Conclusions of Law and Orders Made in the Denial of the Request of Brian H. Hermanson for Additional Attorney's Fees filed on June 6, 2001, and any other documents describing the contents of those paragraphs, including attachments to the Findings of Fact, listing overhead expenses and overhead equipment, App. 25–30; b) paragraphs 17, 25, 26, 32, 44 and 45 of Brian T. Hermanson's Affidavit of July 24, 2001, which is Exhibit 3 in Nichols' Appendix, and begins on p. 61 of the Appendix; c) paragraph 23 of Rodney Uphoff's Affidavit of July 12,

2001, which is Exhibit 5 of Nichols' Appendix and begins on p. 97 of the Appendix; d) paragraphs 9, 10, 11 and 12 of Exhibit 6, W. Creekmore Wallace's Affidavit of July 12, 2001, which begins on p. 115 of the Appendix; e) letter of February 5, 2001, from Brian T. Hermanson to Robert Ravitz, App. 309–315; and f) numbered paragraphs 1 and 2 on p. 2 of Brian T. Hermanson's Contract, at App. 59 (and where located otherwise in additional locations in the record).

16) The request for selective sealing of the record should be granted except to the extent that the request seeks to keep from public view the list of expenses associated with overhead and the purchase of equipment and general references to budget expenses for travel and expert witness fees. Specifics as to travel destinations and utilization of expert witnesses should be excised before any document is released as a public record.

17) Original jurisdiction should be assumed and the writ of mandamus should issue. The cause should be remanded for action consistent with provisions of this order.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, THAT the contract entered between the Public Defender and Hermanson on September 23, 1999, executed through "practice and procedure," lacks constitutional, statutory or other legal authority and should be declared void. The fees and expenses heretofore paid to Hermanson are declared to be reasonable under the teachings of *State v. Lynch,* 1990 OK 82, 796 P.2d 1150. Application of the same standards should be utilized in the computation of any future fees.

¶ 3 In consideration of the constitutional rights of the criminal defendant, the answer certified by the Court of Criminal Appeals in *Nichols v. Jackson,* 2001 OK CR 35, 38 P.3d 228, the general right of the public to know recognized by the Open Records Act, the acknowledgment that records of money budgeted for and paid in Nichols' defense have been a matter of public record since the date of the first payment in October of 1999, records relating to fees and expenditures of Nichols' defense should be selectively sealed. The request for selective sealing of the record should be granted except to the extent that the request seeks to keep from public view the list of expenses associated with overhead and the purchase of equipment and general references to budget expenses for travel and expert witness fees. Specifics as to travel destinations and utilization of expert witnesses should be excised before any document is released as a public record. The trial court is directed to rule upon all questions arising during the progress of the trial as to the selective sealing or unsealing of selected instruments, using the standards as handed down by the Court of Criminal Appeals in *Nichols v. Jackson,* supra.

¶ 4 Original jurisdiction should be assumed and the writ of mandamus should issue directing the respondent or his successor to act in a manner consistent with provisions of this order.

¶ 5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF JUNE, 2002.

¶ 6 CONCUR: HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, JJ.

¶ 7 NOT PARTICIPATING: SUMMERS, J.

¶ 8 DISQUALIFIED: WINCHESTER, J.