Question Submitted by: The Honorable Roger Thompson, Oklahoma State Senator, District 8
2017 OK AG 16
Decided: 12/20/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 16, __ __

 
Dear Senator Thompson:
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does 69 O.S.2011, § 1722 exempt a rural water district from paying the costs associated with removing or relocating the district's existing water lines or other facilities that are located in a turnpike right-of-way when removal or relocation is necessary for improvement, construction, or reconstruction of the turnpike?
2. If the answer to Question # 1 is yes, may the Oklahoma Turnpike Authority nevertheless require a rural water district, as a condition of granting a license or permit to locate the district's water lines in a turnpike right-of-way, to agree to pay such costs?
3. If the answer to Question # 1 is yes, may a rural water district, by agreement with the Oklahoma Turnpike Authority, waive its exemption from paying the costs of removing or relocating its water lines or other facilities, as provided in Title 69, Section 1722?
I.
Background
¶1 The Oklahoma Highway Code of 1968 (the "Highway Code") governs Oklahoma's road and highway system. See 69 O.S.2011 & Supp.2017, §§ 101--1964. The Highway Code delegates to various public officials[1] the duty to "to plan, develop, operate, maintain and protect the highway facilities of this state, for present as well as for future use." 69 O.S.2011, § 101(d). With regard to the turnpike system, the Oklahoma Turnpike Authority ("OTA") is authorized and empowered "to construct, maintain, repair, and operate turnpike projects." Id. § 1701.
¶2 While the principal object of a road or highway system is public passage, public utilities are often permitted to place their facilities within the right-of-way of a road. 39A C.J.S. Highways § 208. However, this right is not unfettered. A utility's use of a roadway right-of-way
[2] is governed by the Highway Code, which specifies that OTA has authority over the location and removal of all "telephone, telegraph, fiber optic, electric light and power transmission lines, poles, cables, wires and conduits, sewers and all pipelines" placed upon, across, or under a turnpike. 69 O.S.2011, § 1722(A).[3]
¶3 Separately, the Rural Water, Sewer, Gas and Solid Waste Management Districts Act (the "Act") permits county commissioners to establish public nonprofit rural water, sewer, natural gas, or solid waste districts to serve the needs of rural residents, and specifies that such districts may use public roads and highways. See 82 O.S.2011, §§ 1324.1--1324.50. Under Section 1324.10 of the Act, a rural water district may, "in connection with the acquisition, construction, improvement, operation or maintenance of its...system, equipment, facilities or apparatus, use any street, road, alley or highway which is owned or held by the state, or any political subdivision." Id. § 1324.10(A)(8). The location of the district's water lines or other facilities in "streets, roads, alleys or highways" must be "concurred in" by the entity having "jurisdiction over said property." Id. Moreover, "the relocation or rearrangement of any public utility's or common carrier's facilities of service required to be made to permit or accommodate installation or maintenance of a district's facilities on, across or under any such publicly owned or held real property or interest therein shall be performed at the sole cost of the district[.]" Id.
II.
Discussion
¶4 We begin with the recognition that "[s]tatutory interpretation is governed by legislative intent, and legislative intent is ascertained from a statute's plain language." Brisco v. State ex rel. Bd. of Regents of Agric. & Mech. Colleges, 2017 OK 35, ¶ 10, 394 P.3d 1251, 1254. "If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates. Only when the intent cannot be ascertained from a statute's text, as when ambiguity or conflict (with other statutes) is shown to exist, may rules of statutory construction be invoked for use." Jobe v. State ex rel. Dep't of Pub. Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175. See also Dean v. Multiple Injury Tr. Fund, 2006 OK 78, ¶ 9, 145 P.3d 1097, 1101 ("If the [statutory] language is plain and clearly expresses legislative will, further inquiry is unnecessary.").
A. Title 69, Section 1722 exempts a rural water district from paying the costs to move a water line when necessary for a turnpike construction project and requires such costs to be borne by the Oklahoma Turnpike Authority
.
As noted above, when a rural water district's water line is placed in a roadway right-of-way, any relocation or rearrangement of existing public utility or common carrier facilities that is necessary "to permit or accommodate installation or maintenance" of the district's water line is at the sole cost of the district. 82 O.S.2011, § 1324.10(A)(8). Once a rural water district's pipelines are located in a turnpike right-of-way, the Highway Code provides that removal and relocation of pipelines affected by "turnpike project[s] or improvement or construction or reconstruction thereof...shall be made at the cost and expense of the owners thereof, unless otherwise provided by law or [OTA.]" 69 O.S.2011, § 1722(A) (emphasis added).
¶5 The requirement in Section 1722(A) is a codification of the common law rule imposing such costs on utility owners. See 39A C.J.S. Highways § 210 ("Public utilities ordinarily may be required to remove or relocate their facilities at their own expense from public highways and streets where it becomes necessary for improvement for public use and convenience. This is the rule at common law, and it applies in the absence of express statutory provisions to the contrary."). Nevertheless, Section 1722(A) also specifies that, where otherwise provided by statute or agency order, this requirement may not apply. To that end, Section 1722(C) provides as follows:
Rural water districts...shall be exempt from the payment of the costs and expenses for the removal and relocation of water and sewer pipelines and all such facilities constructed or in place in the public right-of-way when the removal and relocation of such facilities is necessary for the improvement, construction or reconstruction of any turnpike. Such costs and expenses, including any unpaid on the effective date of this act, shall be paid by the public authority having jurisdiction over the particular turnpike.
69 O.S.2011, § 1722(C) (emphasis added).[4]
¶6 The language of the statute is plain and unambiguous. The default rule under Section 1722 is that when removal or relocation of utility facilities placed in a turnpike right-of-way is necessary for turnpike improvements, construction, or reconstruction, the utility owner is responsible for the costs of removal or relocation. However, the Legislature specifically exempted rural water districts, among other entities, from this rule.
[5] Moreover, the Legislature went further by explicitly identifying the entity responsible for removal/relocation costs: "such costs and expenses...shall be paid by the public authority having jurisdiction over the particular turnpike." See 69 O.S.2011, § 1701; see also Vasquez v. Dillard's, Inc., 2016 OK 89, n.11, 381 P.3d 768, 771 (acknowledging that shall is generally considered a command).
¶7 Accordingly, a rural water district is exempt from paying the cost of relocating or removing its water lines located within a turnpike right-of-way when removal or relocation is necessary for the improvement, construction or reconstruction of a turnpike.
B. The Oklahoma Turnpike Authority may not require a rural water district, as a condition of granting a license or permit to locate the district's water lines in a turnpike right-of-way, to agree to pay costs for which the district is exempt under Title 69, Section 1722.
¶8 OTA has broad authority over the location and removal of utility facilities placed upon, across, or under a turnpike. See 69 O.S.2011, § 1722(A). Similarly, the location of a rural water district's water lines or other facilities in "streets, roads, alleys or highways" must be "concurred in" by the entity having "jurisdiction over said property." 82 O.S.2011, § 1324.10(A)(8). In the case of turnpikes, that entity is OTA. Thus, under each statute OTA has express authority to regulate the placement and removal of utility facilities in turnpike rights-of-way. In addition to this express authority, OTA "has, by implication...such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." Marley v. Cannon, 1980 OK 147, ¶ 10, 618 P.2d 401, 405. OTA may not, however, "expand [its statutory] powers by its own authority." Id.
¶9 While the placement or removal of utility facilities on turnpike rights-of-way is subject to OTA jurisdiction, OTA does not have express or implied authority to require a rural water district to pay costs that the district would otherwise be exempt from paying under Section 1722(C). To the contrary, Section 1722(C) not only exempts rural water districts from paying these costs; it requires OTA to pay them. This is a clear and unambiguous duty. Samman v. Multiple Injury Tr. Fund, 2001 OK 71, ¶ 13, 33 P.3d 302, 307 ("When the Legislature has clearly expressed its intent, the use of additional rules of construction are almost always unnecessary and a statute will be applied as written."). If OTA were able to shift the burden back to a rural water district as a condition of OTA granting a license or permit, it would run counter to an explicit statutory directive and frustrate the public policy underlying Section 1722(C). In short, OTA "cannot do indirectly what cannot be done directly." Wall v. Marouk, 2013 OK 36, ¶ 13, 302 P.3d 775, 782.
C. A rural water district and the Oklahoma Turnpike Authority cannot agree to waive the statutory requirements of Title 69, Section 1722.
¶10 In general, a "waiver is the voluntary and intentional relinquishment of a known right." Barringer v. Baptist Healthcare of Okla., 2001 OK 29, ¶ 22, 22 P.3d 695, 700--01. These rights "may be waived whether conferred by law or contract." Perry v. Perry, 1976 OK 57, ¶ 5, 551 P.2d 256, 257. You ask whether a rural water district may agree to waive the statutory exemption under Title 69, Section 1722(C) and assume responsibility for costs that Section 1722(C) requires OTA to pay. For the reasons that follow, such a waiver is not permissible.
¶11 A rural water district's agreement to waive its rights under the exemption, and thereby assume OTA's statutory obligation, would be a contract. See 15 O.S.2011, § 1 ("A contract is an agreement to do or not to do a certain thing."). Under Oklahoma law, a contract that is "[c]ontrary to an express provision of law" is unlawful. Id. § 211; see also Dycus v. Belco Indus., Inc., 1977 OK CIV APP 39, ¶ 16, 569 P.2d 553, 556 ("Any contracts or portions thereof in derogation of our statutes will not be enforced by courts of this state."); Great Am. Reserve Ins. Co. of Dallas v. Strain, 1962 OK 241, ¶ 5, 377 P.2d 583, 587 ("A contract may be void in the sense of being illegal; if so, the obligation, being prohibited by law, is a nullity in its contemplation; hence incapable of affirmance, ratification and enforcement.").[6] Because Section 1722(C) explicitly exempts a rural water district from bearing the costs of relocating or removing its water lines in certain circumstances, and likewise requires OTA to assume those costs, a contract that would shift costs back to the district is contrary to the plain terms of the statute and therefore void and unenforceable.
¶12 It is, therefore, the official Opinion of the Attorney General that:
1. A rural water district is exempt from paying the costs associated with removing or relocating the district's existing water lines or other facilities that are located in a turnpike right-of-way when removal or relocation is necessary for improvement, construction, or reconstruction of the turnpike. 69 O.S.2011, § 1722(C). 
2. The Oklahoma Turnpike Authority does not have the express or implied authority to require a rural water district, as a condition of granting a license or permit to locate the district's water lines or other facilities in turnpike right-of-way, to agree to pay costs that the district is exempt from paying under 69 O.S.2011, § 1722(C). Such costs are the express responsibility of the Oklahoma Turnpike Authority. Id.
3. Any agreement between a rural water district and the Oklahoma Turnpike Authority to waive the district's exemption under 69 O.S.2011, § 1722(C)--and thereby assume responsibility for costs that are the statutory obligation of the Turnpike Authority--is "[c]ontrary to an express provision of law" and therefore void and unenforceable. 15 O.S.2011, § 211; Great Am. Reserve Ins. Co. of Dallas v. Strain, 1962 OK 241, ¶ 5, 377 P.2d 583, 587.
Mike Hunter
Attorney General of Oklahoma
Matthew LaFon
Assistant Attorney General
FOOTNOTES
[1] The governing body of a particular road or highway is "[t]he legislative authority of any city or town for all streets and highways within the corporate limits of such city or town; and the board of county commissioners of each county as to all county highways; and the State Highway Commission of the State of Oklahoma as to all state highways." 69 O.S.2011, § 219.
[2] In this context, a right-of-way is "[a] general term denoting land, property, or interest therein, usually a strip acquired for or devoted to a highway use." 69 O.S.2011, § 236.
[3] The Department of Transportation and boards of county commissioners exercise similar authority over utility facilities located upon, across, or under roadways subject to their jurisdiction. See 69 O.S.2011, § 1403(A).
[4] Similar language appears in Title 69, Section 1403 regarding the relocation of rural water district pipelines located in rights-of-way of "any road or highway which is part of the state highway system or turnpike project." See 69 O.S.2011, § 1403(D), (F).
[5] As the Court of Civil Appeals has recognized, "[r]ural water districts are created by statute and are thus controlled by the protection given to them by these statutes." Bd. of Cty. Comm'rs of Creek Cty. v. Creek Cty. Rural Water Dist. No. 2, 1994 OK CIV APP 166, ¶ 14, 888 P.2d 540, 543.
[6] Similarly, "contracts of public officials entered without constitutional, statutory or other authority are void." Nichols v. Jackson, 2002 OK 65, ¶ 1, 55 P.3d 1044, 1045--46.

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1994 OK CIV APP 166, 888 P.2d 540, 66 OBJ 111, 
Board of County Com'rs of Creek County v. Creek County Rural Water Dist. No. 2
Discussed

 
1977 OK CIV APP 39, 569 P.2d 553, 
DYCUS v. BELCO INDUSTRIES, INC.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 29, 22 P.3d 695, 72 OBJ 1046, 
BARRINGER v. BAPTIST HEALTHCARE OF OKLAHOMA
Discussed

 
2001 OK 71, 33 P.3d 302, 72 OBJ 2703, 
SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
1962 OK 241, 377 P.2d 583, 
GREAT AM. RESERVE INS. CO. OF DALLAS v. STRAIN
Discussed at Length

 
2002 OK 65, 55 P.3d 1044, 
NICHOLS v. JACKSON
Discussed

 
2006 OK 78, 145 P.3d 1097, 
DEAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
2010 OK 50, 243 P.3d 1171, 
JOBE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed

 
2013 OK 36, 302 P.3d 775, 
WALL v. MAROUK
Discussed

 
1976 OK 57, 551 P.2d 256, 
PERRY v. PERRY
Discussed

 
2016 OK 89, 381 P.3d 768, 
VASQUEZ v. DILLARD'S, INC.
Discussed

 
2017 OK 35, 394 P.3d 1251, 
BRISCO v. STATE ex rel. BD. OF REGENTS AGRICULTURAL AND MECHANICAL COLLEGES
Discussed

 
1980 OK 147, 618 P.2d 401, 
Marley v. Cannon
Discussed

Title 15. Contracts

 
Cite
Name
Level

 
15 O.S. 1, 
Definition - Contract
Cited

 
15 O.S. 211, 
Unlawful Contracts
Cited

Title 69. Roads, Bridges, and Ferries

 
Cite
Name
Level

 
69 O.S. 1701, 
Purpose - Authority to Construct, Maintain, Repair and Operate Projects
Cited

 
69 O.S. 1403, 
Public Utilities on State Highways - Location and Removal
Discussed

 
69 O.S. 101, 
Declaration of Legislative Intent
Discussed

 
69 O.S. 219, 
Governing Body
Cited

 
69 O.S. 236, 
Right-of-Way
Cited

 
69 O.S. 1722, 
Property or Facilities of Public Utilities or Common Carriers - Condemnation of Railroad Property or Right-of-Way
Discussed at Length

Title 82. Waters and Water Rights

 
Cite
Name
Level

 
82 O.S. 1324.1, 
Short Title
Cited

 
82 O.S. 1324.10, 
Powers of District
Discussed